### 52271, 52272. BUTLER v. THE STATE (two cases).

MARSHALL, Judge.
  This appeal deals with two cases involving the same defendant who was convicted of theft by taking (shoplifting) on each occasion but from different corporate victims. Appellant was convicted by jury, upon accusation, of a misdemeanor in each case and sentenced to serve consecutive sentences of 12 months. She enumerates one error in each case. *Held:*
  1. In case number 52271, appellant waived formal arraignment, entered a plea of not guilty and demanded trial by jury, a copy of the accusation and a list of the witnesses. This waiver and demand occurred at the arraignment hearing. The transcript reflects that at the arraignment hearing the state then and there presented to appellant a copy of the accusation pursuant to the demand and stated to the defendant that a list of witnesses would be furnished prior to trial. The accusation contained the names of two witnesses. At the trial on the merits the state and the defense announced ready for trial. The jury was qualified, subjected to voir dire, selected and sworn. The state then called *three* witnesses to be sworn. Appellant objected that the state was violating Ga. L. 1966, pp. 430, 431 (Code Ann. § 27-1403) by calling a witness whose name did not appear on the "list" of witnesses furnished by the state. Appellant contends that the names appearing on the accusation constitute the "list" of witnesses and contended it had

announced ready in reliance upon the contents of that "list." The state admits that no list of witnesses was furnished even though demanded, but contends that when appellant's counsel announced "ready," he waived his right to insist on same.

Whether or not the accusation satisfies the requirement of furnishing a list of witnesses, and whether or not appellant waived any error in this regard, we conclude that there has been no violation of Code Ann. § 27-1403. The statute's requirement of disclosure of witnesses serves the dual purpose of defense discovery of witnesses prior to arraignment, and the elimination of the element of surprise at trial. See *Hicks v. State,* 232 Ga. 393, 399 (207 SE2d 30). This court has held in *Davis v. State,* 135 Ga. App. 203 (3) (217 SE2d 343) that "[T]he statute authorizes the sanction of exclusion of witnesses' testimony but same is not mandatory where the trial judge in his discretion determines that the defendant can be protected by some other form of relief. See *Favors v. State,* 234 Ga. 80 (1); *State v. Warren,* 133 Ga. App. 793, 796 (213 SE2d 53). Relief for such violations of the statute may be achieved by motions for mistrial or continuance ..." Here the record discloses that counsel for appellant was given the opportunity to and did interview the "unlisted" witness before the witness was allowed to testify. Thus the purpose of Code Ann. § 27-1403 was satisfied and the appellant did not show substantial prejudice to his rights.

2. In case number 52272, appellant enumerates as error the instruction of the trial court advising the jury that where there are two theories of equal probability, one of innocence and one of guilt, the jury should acquit. The same instruction has been found to be without error in *Fleming v. State,* 137 Ga. App. 805 (224 SE2d 792), and *Bess v. State,* 138 Ga. App. 528. This enumeration is without merit.

*Judgments affirmed. Pannell, P. J., and McMurray, J., concur.*

Submitted June 8, 1976 — Decided June 17, 1976.

*John W. Timmons, Jr., Jack H. Affleck,* for

appellant.

*Ken Stula, Solicitor,* for appellee.