## 62765. McCARTY v. THE STATE.

BIRDSONG, Judge.

Jack McCarty was indicted in one count for burglary of Johnny Morgan's house and, jointly with his wife Sheila McCarty in a second count, for the burglary of Ronnie Joiner's house. Appellant and his wife were acquitted of the burglary of Ronnie Joiner's house. As to his conviction for burglary of Johnny Morgan's house, appellant contends that pursuant to Code Ann. § 27-1302 the trial court erred in its refusal to order the state to produce the appellant's statement and in conducting the trial without having done so; that the court erred in overruling appellant's motion to exclude state testimony as to his and his wife's "confessions" and in denying appellant's motions to sever and for mistrial. Appellant further attacks the verdict on the general grounds. *Held:*

1. The undisputed evidence shows that the physical entry and theft of Johnny Morgan's and Ronnie Joiner's houses was committed by a juvenile, Jack McCarty's nephew. This juvenile apparently was estranged from his mother and lived about the community with first one relative and then another. He knew Johnny Morgan and had

stayed on occasion with Ronnie Joiner, whose wife Lawanda is the juvenile's sister. The boy had been working but had quit. At the time of the burglaries, he was staying with an aunt who lived around the corner from Jack McCarty. The evidence shows that Jack McCarty drove this juvenile to Johnny Morgan's house and remained outside in the car while the juvenile went inside and returned with four guns; and that several days later both Jack and Sheila McCarty drove the juvenile to Ronnie Joiner's house and remained outside in their car while the juvenile went in and then returned with one shotgun and a paper bag. The juvenile hid these items in the woods behind Jack McCarty's house (but on another's property). Jack McCarty apparently bought one of the guns from the juvenile for $20 and gave or sold it to another man, from whom Sheila later retrieved it and turned it over to the police. The McCartys testified as follows: the juvenile was staying around the corner at Jack's sister's house; he had family problems and they felt sorry for him because his clothes were at other people's houses. He was always asking the McCartys to take him to get his clothes. Jack McCarty testified that one evening he agreed to take the boy to Johnny Morgan's house to get his things; when the boy emerged from Morgan's house with four guns, McCarty asked him if those were his guns and the boy said yes. McCarty drove the boy back to McCarty's sister's house (around the corner from his own) and let the boy out. He did not see where the boy went after that or what he did with the guns. McCarty said he bought one of the guns from his nephew so as to let him have money for clothes, but then gave it to another man and did not know it was stolen.

Jack and Sheila McCarty gave oral statements to a detective. Their attorney filed a motion for discovery requesting " . . . summaries or memoranda of any oral . . . statements made by the . . . defendant[s]." At the motion to suppress hearing three months prior to trial, the investigating detective testified as to Jack McCarty's oral statement. At trial, appellant again sought production of the defendant's statements or summaries thereof, pursuant to Code Ann. § 27-1302. The trial court ruled that Jack McCarty's oral statement had been related by the detective at the earlier hearing and thus, by recordation of transcript, had been "furnished."

The trial court's refusal to order production in writing of appellant's oral statement was not error. The testimony of an investigating officer recalling an oral statement and the recording and transcription of this testimony is the furnishing in writing of "all relevant and material portions of the defendant's statement" which Code Ann. § 27-1302 (b) requires. The statute is quite clear as to what the state is required to furnish in writing and that the material cannot be used against the defendant if the state has not furnished it. See

*Garner v. State,* 159 Ga. App. 244, 246 (282 SE2d 909); *Garard v. State,* 159 Ga. App. 248 (283 SE2d 27). The object of Code Ann. § 27-1302 is to ensure to the defendant, as a right, definite information in writing of all relevant and material portions of his own statement that the state may rely upon to his disadvantage. This object is satisfied in this case. Appellant was not entitled to the exclusion of his statement at trial.

The evidence in this case is sufficient to satisfy a rational trier of fact beyond any reasonable doubt that appellant was guilty of burglary of Johnny Morgan's house. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528). On appeal from verdicts of guilt, the presumption of innocence no longer prevails. The fact finders have determined the credibility of the witnesses and have been convinced beyond a reasonable doubt, and the appellate courts review the evidence only to determine whether the verdict is sustained by the evidence according to the standard cited in the *Baldwin* case.

2. Although Sheila McCarty's statement was not related and recorded at the pretrial hearing, the state argues and we agree that any such error as to her is harmless as she was acquitted of burglary. In the same vein, the trial court's denial of appellant's motion to sever the trials of himself and his wife Sheila McCarty was at worst harmless, inasmuch as appellant was acquitted of burglary of Ronnie Joiner's house. The only inculpatory material in Sheila McCarty's statement against appellant that was not cumulative was that she overheard appellant discussing the possibility of McCarty's purchase of a gun from the boy while the three were driving to Ronnie Joiner's house. It is not to be reasonably imagined that the jury interpreted this as evidence of Jack McCarty's guilt in another burglary while at the same time acquitting him of burglary in the circumstance to which the statement applied.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 2, 1982 —
REHEARING DENIED MARCH 2, 1982 —

E. Kontz Bennett, Jr., for appellant.
C. Deen Strickland, District Attorney, Fletcher Sams, Assistant District Attorney, for appellee.