### 38601. McCARTY v. THE STATE.

WELTNER, Justice.

This case presents the question whether a Brady motion can be sufficient to invoke the provisions of Code Ann. § 27-1302,[1] which allows discovery of the defendant's statements in a criminal case.

---

[1] Code Ann. § 27-1302 (Ga. L. 1980, p. 1388, eff. April 1, 1980) provides:

"(a) The defendant shall be entitled to have a copy of any statement at least 10 days prior to the trial of the case given by him while in police custody. The defendant may make this request, in writing within any reasonable period of time prior to trial.

"(b) If the defendant's statement is oral or partially oral, the prosecution shall furnish in writing all relevant and material portions of the defendant's statement.

Jack McCarty was convicted of burglary and sentenced to ten years imprisonment. During the initial investigation of the case McCarty and his co-defendant, Sheila McCarty, gave oral statements to a police detective. On March 14, 1980, McCarty filed a Brady motion requesting, among other things, "[a]ll written and recorded statements and all summaries or memoranda of any oral or written statements made by the named defendant. . . ." The only time limit placed on the motion was McCarty's request that the materials be produced ". . . at the trial . . ., and at any and all non-jury hearings. . . ." On April 10, at a hearing on a motion to suppress certain physical evidence together with McCarty's statement, the investigating detective testified as to the contents of McCarty's prior oral statement. The transcript of that hearing was certified and filed by the court reporter on July 29, one day after the trial began.

McCarty contends that the trial court erred in refusing to order the State to produce his statement, in conducting the trial without having done so, and in overruling his motion to exclude State testimony as to his statement. The Court of Appeals held that "[t]he testimony of an investigating officer [at the motion to suppress hearing] recalling an oral statement and the recording and transcription of this testimony is the furnishing in writing of 'all relevant and material portions of the defendant's statements' which Code Ann. § 27-1302 (b) requires." *McCarty v. State,* 161 Ga. App. 444, 445 (288 SE2d 249) (1982). We granted certiorari to consider, among other things, "[w]hether a Brady motion would be sufficient as a request under Code Ann. § 27-1302."

In two recent cases we have found a Brady motion insufficient to invoke the provisions of Code Ann. § 27-1303, a similar statute which provides for the discovery of scientific reports. See *State v. Madigan,* 249 Ga. 571 (292 SE2d 406) (1982); *State v. Meminger,* 249 Ga. 561 (1982). Both statutes require the defendant to make a written request within any reasonable period of time prior to trial, and require the State to comply with the request at least ten days prior to the trial of the case. Cf. Code Ann. § 27-1302 (a) with Code Ann. § 27-1303 (a).

---

"(c) Failure of the prosecution to comply with a defendant's timely written request for a copy of his statement, whether written or oral, shall result in such statement being excluded and suppressed from the prosecution's use in its case-in-chief or in rebuttal.

"(d) If the defendant's statement is oral, no relevant and material (incriminating or inculpatory) portion of such statement of the defendant may be used against the defendant unless it has been previously furnished to the defendant if a timely written request for a copy of such statement has been made by the defendant.

"(e) The provisions of this section shall not apply to newly discovered evidence. Such evidence shall be produced as soon as possible after it has been discovered."

Both provide that noncompliance by the State with a timely request by the defendant shall result in the statement or report being excluded and suppressed from evidence in the prosecution's case-in-chief or in rebuttal. Cf. Code Ann. § 27-1302 (c) with Code Ann. § 27-1303 (b).

A Brady motion [373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963)] calls for the production of exculpatory evidence which is known to the prosecution but unknown to the defense. Thus, a Brady motion does not reach the defendant's own statements made prior to trial, as they are known to the defense. *Cunningham v. State,* 248 Ga. 558 (6) (284 SE2d 390) (1981). § 27-1302 gives a criminal defendant, for the first time under Georgia law, the right to obtain written copies of any statements, whether oral or in writing, made by him prior to trial while in police custody.

To constitute a request for discovery under § 27-1302, a pleading must either make specific reference to § 27-1302, or make it clear that written copies of the defendant's own statements are to be furnished to the defense at least ten days prior to trial. See *State v. Meminger,* supra, at Division 1; *State v. Madigan,* supra, at Division 2. Of course, the defendant's request for discovery under § 27-1302 must be timely made. See *State v. Meminger,* supra, at Division 2.

In the present case, while McCarty's Brady motion specifically requested any written copies or memoranda of his own statements, it made no reference to § 27-1302, nor did it invoke the ten-day time limit. We therefore conclude that the Brady motion filed by McCarty failed to give the State reasonable notice that McCarty sought discovery pursuant to the provisions of § 27-1302, and there was no error in admitting his statement at trial.

In view of this result, we need not consider whether the requirements of § 27-1302 were met by the State.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 1982 — REHEARING DENIED JULY 22, 1982.

*E. Kontz Bennett, Jr.,* for appellant.

*C. Deen Strickland, District Attorney, W. Fletcher Sams, Assistant District Attorney,* for appellee.