### 39189. MURDIX v. THE STATE.

MARSHALL, Presiding Justice.

Joan Murdix appeals from her conviction of murder, for which she was sentenced to life imprisonment. She raises the issues of the sufficiency of the evidence to support the verdict and the correctness of the charge to the jury regarding her testimony.

1. There was evidence adduced as follows. On April 13, 1980, the

appellant and her husband, John Murdix (the victim), resided at 217 Mead Road, Decatur, DeKalb County. During the morning hours, the appellant and her husband were heard arguing with each other. The appellant angrily left the house, but returned home approximately one to two hours later and appeared to be acting normally. Mr. Murdix, who was in the living room, ignored the appellant when she entered the room, and he continued playing the piano. Approximately 15 minutes later, shots were fired.

Ms. Minnie Pattman, another resident at this home, testified that she was in the kitchen at the time the shots were fired, and did not actually see what transpired in the living room. When she heard the shots, she called out and asked if everything was all right; the appellant responded, "Yes, baby, everything is O. K." The victim, John Murdix, did not respond to the witness' question. Ms. Pattman walked next door to call the authorities, and testified that she saw no one outside.

Dwight Malcolm, a next-door neighbor, heard the two gunshots at approximately 5:00 p.m. while he was sitting on his front porch. He testified that he saw no one leave the Murdixes' home after the shots were fired. He went into his home, told his father about the gunfire, and both the father and son went out onto their front porch. Neither of them observed any cars. The elder Malcolm went inside his home, and, approximately 10 to 15 minutes later, walked to the carport behind his home to do some repair work on his automobile.

Mr. Malcolm observed the appellant leave her residence by the back door, and walk toward his carport. When he inquired about the gunshots, she replied that John Murdix had shot himself. She continued to walk toward Malcolm's back door, hesitated when she was informed that police had arrived at her home, then turned around and walked back home.

Mr. M. C. Cox, a member of the Atlanta Bureau of Police Services Intelligence Unit, also lived in close proximity to the murder scene. At the time the shots were fired, he was unloading groceries from his automobile. He testified that he looked at the Murdix home for about five minutes, that no one came out of the front door, and that there were no automobiles parked in front of the home.

Officer N. M. Banks, of the Decatur Police Department, drove to the scene after receiving notification of the shooting at approximately 5:47 p.m. The appellant opened the door for the officers, appearing calm and without fear. The black male lying on the floor had been shot in the back, and exhibited no life signs. Lt. Granville Dickerson photographed the scene, and during the investigation located two bullet casings and two .32-caliber bullets. There was also evidence of a bullet hole in the living room wall. The

.32-caliber automatic pistol, partially loaded, was found in an opening at the outside rear crawl space of the Murdix residence.

An autopsy revealed that the fatal bullet, which was fired more than two feet away, entered the victim's back at the midline, level with the shoulder blade, and exited below the Adam's apple. The medical examiner testified that the upward trajectory of the bullet would be consistent with the victim's leaning over the piano at the time he was shot, which wound was the cause of death.

Ballistics tests revealed that the murder weapon was a .32-caliber automatic pistol, and that the two bullets found had been fired from the pistol found at the appellant's home.

On the evening of the murder, after having been advised of her Miranda rights, the appellant give a statement to the police, which was reduced to writing and signed by her, in which she stated that Mr. Winfred Hall and the victim had argued in the living room while she was upstairs; and that after she heard a shot, she came downstairs and observed Mr. Hall leave the premises in his yellow 'Mustang' automobile.

Mr. Winfred Hall testified, refuting the appellant's statement, denying that he had been present at the Murdix home and denying any involvement whatsoever.

The appellant testified at trial and denied that she had shot her husband. She testified that Mr. Murdix had been upset that day and had beaten her. She further testified that she had answered the door bell and allowed Mr. Hall into the house to speak with her husband; that the men had argued, a shot was fired, and she came downstairs to discover that her husband had been shot. Mr. Hall allegedly left the house through the front door and drove away in his automobile. The appellant could not explain how the murder weapon had been hidden outside the *back* of the home when Mr. Hall, the alleged perpetrator, had left by the *front* door.

On appeal from a criminal conviction, we must view the evidence in a light most favorable to the verdict. *Fleming v. State,* 236 Ga. 434, 436 (224 SE2d 15) (1976). Convictions founded on circumstantial evidence are authorized when "the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6 (Michie 1982); Code Ann. § 38-109 (Harrison). The determination of whether other hypotheses have been excluded is primarily a jury function. *Anglin v. State,* 244 Ga. 1, 5 (257 SE2d 513) (1979). It is not required that the circumstantial evidence remove every possibility of the accused's innocence. *McConnell v. State,* 235 Ga. 366 (220 SE2d 5) (1975). The accused's statement must be considered "insofar as it is consistent with the circumstantial

evidence properly admitted." *Barnett v. State,* 153 Ga. App. 430, 432 (265 SE2d 348) (1980) and cit.

The evidence adduced in the present case leads to only one hypothesis, that of the appellant's guilt. The appellant's testimony implicating Winfred Hall is contradicted by the testimony of neighbors, by the location of the murder weapon, and by the appellant's own initial statement and the subsequent inconsistent statement to Mr. Malcolm.

A review of the record in this case in the light most favorable to the prosecution shows that a rational fact finder could have found the appellant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant assigns as error the italicized portions of the following instructions to the jury:

"Members of the jury, *I charge you that the law of this State permits a defendant in a criminal case to give evidence for or against herself. On the other hand, the law provides that should a person so desire, she may testify in her own defense and on her behalf* and she is competent to give evidence for or against herself at the trial of her case.

"Under these circumstances, the defendant is allowed to be sworn, examined and cross-examined as any other witness. You will weigh this evidence, along with all the other evidence in this case, and decide on the guilt or innocence of the defendant.

*"You are instructed where a defendant does not testify in her own behalf, that you have no right to disregard her testimony merely because she is accused of a crime.* But when she does so testify, her evidence is to be received by you the same as the other witnesses and her credibility is to be tested by subjecting it to the same test as legally supplied to other witnesses in the case."

At trial, defense counsel did not specifically object to the charge, but merely reserved any objections for a later time. The import of the above charge was that the accused is competent to testify in the same manner as other witnesses, and that her testimony is to be evaluated by the jury under the same standards applicable to the testimony of other witnesses. Although the instructions may not have been technically perfect, "[i]t is not necessary in considering a charge to assume a possible adverse construction, for a charge that is sufficiently clear to be understood by jurors of ordinary capacity and understanding is all that is required." *Rowles v. State,* 143 Ga. App. 553, 557 (3) (239 SE2d 164) (1977). The charge as a whole was sufficient to convey the intended meaning to the jury.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 1982.

*Lawrence L. Schneider,* for appellant.

*Susan Brooks, Assistant District Attorney, Michael J. Bowers, Attorney General, Janice G. Hildenbrand, Staff Assistant Attorney General,* for appellee.