## 64868. TYSON v. THE STATE.

DEEN, Presiding Judge.

1. This is the second trial of the defendant on a burglary indictment. See *Tyson v. State,* 157 Ga. App. 569 (278 SE2d 150) (1981). Prior to the present trial written demand was made of the state for discovery of any relevant and material statements made by the defendant while in police custody, as required by Code § 27-1302. At a subsequent hearing the district attorney admitted not furnishing a statement for the reason that he planned to use nothing other than testimony offered on the former trial. A transcript of such testimony was admittedly in the possession of the defense attorney who conducted the second trial, although different lawyers handled the first trial and subsequent appeals.

"This court held in *Garner [v. State,* 159 Ga. App. 244 (1)] that the district attorney's failure to comply with the provisions of the criminal discovery statute would require the exclusion and suppression of testimony and evidence arising therefrom at any retrial of the case. However, any harm which would result to a criminal defendant from the state's failure to provide the requested information prior to the original trial would be eliminated if the district attorney were to timely comply with the statute prior to any retrial of the case. Therefore, the judgment of the trial court is reversed and remanded with direction that testimony and evidence arising [therefrom] be excluded and suppressed from any retrial of

this case unless and until the district attorney has fully complied with the provisions of Code Ann. § 27-1303. Our holding in *Garner,* supra, is modified accordingly." *Tanner v. State,* 160 Ga. App. 266, 268 (287 SE2d 268) (1981).

Here, the discovery request was made at a reasonable time between the first and second trials, and the district attorney contends that because there was no substantial difference in the testimony of the witnesses on the second trial, the defendant's possession of the earlier transcript released him from compliance with the statute. Defendant also admits that he had a copy of the transcript of the first trial and he does not contend that the state offered any additional evidence in the second trial. Absent a showing that the substance of a defendant's statement made available to him (here the transcript of the first trial) fell short of adequately forewarning him of the testimony offered at trial pertaining to that statement, there is no cause for reversal. There appears to be in this case a substantial compliance with the statute. "This object is satisfied in this case." *McCarty v. State,* 161 Ga. App. 444, 446 (288 SE2d 249) (1982) appears to be binding authority although affirmed on a different point of law in *McCarty v. State,* 249 Ga. 618 (292 SE2d 700) (1982).

2. The defendant further urges that any statements of an inculpatory nature made while in custody were made with an expectation of benefit to himself, and were consequently inadmissible under Code § 38-411. It is clear from the testimony of a detective deputy sheriff who testified for the state and the sheriff who testified for the defendant that Tyson had worked closely with law enforcement officers as a confidential informant for a period of up to twenty years; that he refused to make any statements to others but as to these witnesses, and particularly the sheriff, they had always "done business" on the basis that he would tell them the truth; that the sheriff ordered the defendant to tell him the truth and the sheriff felt that the defendant did so, "in his mind expecting some benefits since it was just like all the other times"; that while no verbal promises were ever made it had been understood between the parties over the period of their association that he would be "taken care of" and the sheriff further admitted that in his own mind he felt he "owed him something." It is also clear, however, that no overt promises had been exchanged and that the understanding was subjective in nature. Under Code § 38-412 confessions made under a promise of secrecy or of collateral benefit are not for that reason excludable. Confessions are admissible though obtained by artifice, trick, or deception. *Moore v. State,* 230 Ga. 839, 840 (199 SE2d 243) (1973); *Hudson v. State,* 153 Ga. 695 (3) (113 SE 519) (1922); *Cornwall v. State,* 91 Ga. 277, 282 (18 SE 154) (1892); *Blackwell v. State,* 113 Ga. App. 536 (148 SE2d 912)

(1966). The question is raised through assignments of error in denying exclusion of the testimony after a Jackson-Denno hearing and in denying a motion for mistrial and a motion to suppress. These grounds are without merit.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 4, 1983.

*B. Keith Rollins,* for appellant.

*William A. Foster III, District Attorney, Frank C. Winn, Assistant District Attorney,* for appellee.