72367. FRANKLIN v. THE STATE.
(345 SE2d 912)

BANKE, Chief Judge.

The defendant appeals his convictions of possessing phenylcyclohexyl ethlamine and marijuana in violation of the Georgia Controlled Substances Act. *Held*:

1. The defendant contends that the search warrant authorizing the search which led to the seizure of the contraband was defective in that the reliability of the confidential informant who provided the information on which it was based was not satisfactorily demonstrated. The warrant was issued on the basis of the affidavit of a Detective Gibbs, who averred that on September 26, 1984, she had received information "from a reliable and confidential informant, who has proven his reliability by providing me with information which has led to at least two arrests for drug violations within the past 60 days." The detective averred that the informant had told her that he had been present at the defendant's apartment within the last week and had personally observed the defendant selling, storing and concealing marijuana and cocaine. The affidavit was executed on September 27, 1984, and the warrant was issued on that same date. The search was conducted on October 4, 1984.

"In *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), the United States Supreme Court held that the existence of probable cause for the issuance of a warrant is to be determined, not according to the 'two-pronged test' established in *Aguilar v. Texas*, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964), and *Spinelli v. United States*, 393 U. S. 410 (89 SC 584, 21 LE2d 637) (1969), but rather in the light of the 'totality of the circumstances' made known to the magistrate. Subsequently, in *Massachusetts v. Upton*, __ U. S. __ (104 SC 2085, 80 LE2d 721) (1984), the Supreme Court reaffirmed its holding in *Gates*, and emphasized the rejection of an 'after-the-fact, de novo [probable cause] scrutiny' by reviewing courts. Instead, the court held that reviewing courts must decide only whether the information, viewed as a whole, provided a substantial basis for the magistrate's finding of probable cause." *Borders v. State*, 173 Ga. App. 110 (1) (325 SE2d 626) (1984). "The duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. [Cits.] The magistrate's

determination of probable cause is entitled to great deference by reviewing courts." *Devier v. State*, 247 Ga. 635 (4) (277 SE2d 729) (1981).

We hold that the affidavit at issue in the case before us provided a substantial basis for the magistrate's finding of probable cause. Compare *Kouder v. State*, 154 Ga. App. 597 (269 SE2d 92) (1980).

2. We reject the defendant's argument that too much time was allowed to pass between the issuance of the warrant on September 27 and its execution on October 4. The warrant was executed within the 10 days allowed by statute. See OCGA § 17-5-25. Furthermore, "[w]hen the affidavit indicates the existence of an ongoing scheme to sell drugs, the passage of time becomes less significant than would be the case with a single, isolated transaction." *Borders v. State*, supra, 173 Ga. App. at 113. It follows that the trial court did not err in denying the defendant's motion to suppress.

3. The evidence was sufficient to enable a rational trier of fact to find the defendant guilty of both offenses beyond a reasonable doubt. See generally *Parker v. State*, 161 Ga. App. 478 (288 SE2d 297) (1982).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MAY 27, 1986.

*J. Robert Joiner*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, M. Yvette Miller, Assistant District Attorneys*, for appellee.