73817. LEWIS v. THE STATE.
(357 SE2d 862)

BIRDSONG, Chief Judge.

Johnnie C. Lewis was convicted of two counts of statutory rape upon his 12-year-old stepdaughter. He was sentenced to two concurrent 6-year periods of incarceration. Lewis brings this appeal enumerating a single error. *Held*:

Lewis does not dispute the sufficiency of the evidence to warrant or support the conviction. His contention of error is based upon the admission into evidence of an oral confession which he contends was not disclosed to him in response to a timely demand for disclosure during discovery under the provisions of OCGA § 17-7-210. An examination of the record reveals that Lewis was arrested for the acts of misconduct and taken to the local jail. There he was advised of his *Miranda* rights and that his stepdaughter had accused him of two separate acts of statutory rape. When first confronted with the accusation by the chief of police, Lewis denied any misconduct, but when told that the stepdaughter enumerated in detail two separate acts, Lewis agreed to recount his recollection of the acts. These recountings, we observe parenthetically, are remarkably similar to the mem-

ory of the victim as to the respective acts. Lewis was asked if he wished to write out the statement or have the officer write the statement as Lewis verbally recounted it. Lewis elected to have the officer write down the conversation. In doing so, the officer wrote the confession in the third person rather than in the first person, thus clearly reflecting upon the face of the two documents (one each for each act) that the officer was summarizing what was being stated by Lewis. A witness was present at this interrogation.

In response to the OCGA § 17-7-210 demand, the State afforded Lewis a copy of the two statements prepared by the police chief and a summary of the statement of the witness to the interrogation, giving her version of her recollection of Lewis' statements. No written summary of the chief's testimony concerning Lewis' statements was given to Lewis in response to the demand.

Lewis now contends that though he was afforded copies of his written statements, he was not given a copy of the oral statement as mandated by the discovery statute. Thus he contends he ,was not placed on notice that there was an oral statement or that the State intended to use such a statement. It is also relevant to observe that apparently because of a discrepancy as to date, there was a possibility that a *Miranda* warning did not precede the taking of the written statements or that a promise of reward was involved in the taking of the written statements, the trial court ruled the two written statements would not be presented to the jury. Nevertheless, the trial court found the oral statements to be voluntary and consistent with *Miranda* protections and authorized the officer to recount the contents of the oral statements.

Contrary to Lewis' contention, it is clear that the two written statements furnished by the State in response to the discovery motion could have had no effect other than to show that Lewis did not personally prepare a written statement in his own handwriting or language. The statements furnished being stated in the third person manifestly indicated that the officer was listening to an oral statement and the written statements could only reflect an oral statement. Had the State sought to introduce evidence of an admission or confession substantially different than the one reflected in the police chief's in-court testimony and confirmed in the two written documents given to Lewis prior to trial, this objection may well have more merit.

The purpose of the discovery statute (OCGA § 17-7-210) is to inform the defendant in writing of all relevant and material portions of his own statement that the State may rely upon to the defendant's disadvantage. *White v. State*, 253 Ga. 106, 109 (317 SE2d 196). Here even though there was no direct reference by the State that Lewis made an oral statement to the officer and that the State intended to

rely solely on the oral statement, it is clear the purpose of the disclosure statute was satisfied, as Lewis was fully notified by the State of the substance of the oral statement the State indeed did use in the trial of the case. See *McCarty v. State*, 161 Ga. App. 444, 445 (288 SE2d 249). Moreover, Lewis himself conceded in his brief that the oral statement he made to the chief of police was the basis of the two written statements, copies of which he was furnished. Under the facts of this case, we are satisfied there has been a substantial compliance with the requirements of the discovery statute. *Tyson v. State*, 165 Ga. App. 22, 23 (1) (299 SE2d 69). There was no error in the admission of the oral statement.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MAY 22, 1987.

*Donald W. Osborne*, for appellant.
*Edwin T. Cotton, District Attorney*, for appellee.