44633. WINDELBERG v. THE STATE.
(357 SE2d 583)

MARSHALL, Chief Justice.

The appellant, Edwin Windelberg, was convicted of malice murder and armed robbery. The victim was John B. Gordon Black. For the convictions, the appellant received two, consecutive sentences of life imprisonment. He appeals. We affirm.[1]

The evidence showed the following:

The appellant's girl friend, Brenda Faulkner, informed the appellant that the victim, an elderly man, kept large sums of money in his house.

On the evening of January 28, 1986, the appellant, Victor Fuen-

---

[1] The crime in this case was committed on January 28, 1986. The appellant was indicted on June 11, 1986. The trial began on January 5, 1987, and ended on January 8, 1987. The notice of appeal was filed in this court on February 17, 1987. The transcript was filed on April 21, 1987, and the record was docketed in this court on May 5, 1987. The case was submitted for decision without oral argument on June 19, 1987.

tes, Benjamin Aguilara, and Harold Marroquin drove to the victim's house in Brenda Faulkner's car, and the fact that it might become necessary to kill the victim was discussed. The appellant drove the car; and he, Fuentes, and Aguilara, waited therein while Marroquin went to the house and knocked on the door. The victim answered the door, and Marroquin asked for a glass of water. When the victim returned with the glass of water, Marroquin pushed him inside the house. The appellant and Fuentes then exited the car and entered the house. Aguilara remained in the car.

After gaining entry into the victim's house, the appellant and Marroquin stabbed him several times, and Fuentes hit the victim in the head with a shotgun which the appellant had taken with them. They then left the house with $8.00 which they had found, as well as a shotgun which they had taken from the victim.

The victim was left lying on the floor, and he bled to death within minutes of the infliction of the stab wounds. An autopsy revealed that he had been stabbed with a knife four times, and the primary cause of his death was stab wounds to the chest.

Aguilara, Fuentes, and the appellant returned to Brenda Faulkner's trailer. At that time, the appellant had blood on his shoes, and he stated that he had stabbed the victim in the back. The appellant spent the next few weeks with Faulkner at her grandmother's house in Georgia, and he then fled to California.

While in California, the appellant called Faulkner on the telephone several times and threatened to kill her and her child if she went to the police. Although in conversations with Faulkner the appellant began denying that he stabbed the victim, in a conversation with Faulkner's aunt, the appellant admitted that he did in fact stab the victim. Fearing for her and her child's safety, Faulkner subsequently reported the perpetrators of the robbery and murder to the police.

During a police search of the victim's home after the murder, no signs of forced entry were observed, and approximately $2,650.00 was found in the victim's clothing and in a china cabinet.

On June 10, 1986, the appellant was arrested by the Los Angeles, California, police. The appellant is from Guatemala, and although he is able to converse in English, he was interrogated by the police and advised of his *Miranda* rights in Spanish as well as English. He gave an oral statement to the police in Spanish, which was translated into English and transcribed in both languages. In this statement, he admitted participating in the burglary of the victim's home, but he denied stabbing the victim.

After a *Jackson-Denno* hearing, a copy of the English transcription of the appellant's statement to police was admitted in evidence by the state. This copy of the statement indicated that the statement

itself had been given by the appellant in Spanish. Although the English transcription of the appellant's statement was received by Georgia law-enforcement authorities prior to the commencement of the trial, the copy of the statement in Spanish was not received until the day the trial began. By court order rendered prior to trial, the appellant was provided with the services of a Spanish translator.

1. Under the provisions of OCGA § 17-7-210, the appellant filed a pretrial motion to be provided with copies of any statements made by him at least ten days prior to trial.

Although the appellant was given a copy of the English transcription of his statement to police within the time limit required by the foregoing statute, he was not given a copy of the statement in Spanish. As previously stated, however, the state did not receive the copy of this statement in Spanish until the commencement of the trial, and a Spanish translator was provided for the appellant by pretrial order.

The appellant argues that since he was not provided with a copy of his statement in Spanish at least ten days prior to trial, the English transcription of the statement should be suppressed. We disagree. "[T]he appellant was clearly notified by the state of the substance of the statement the state anticipated using against him. See *McCarty v. State*, [161 Ga. App. 444, 445-446 (288 SE2d 249) (1982), aff'd on other grounds, 249 Ga. 618 (292 SE2d 700) (1982)]; *Tyson v. State*, 165 Ga. App. 22 (1) (299 SE2d 69) (1983). Thus, we conclude that the trial court properly denied the appellant's motion to suppress." *White v. State*, 253 Ga. 106, 109 (2) (317 SE2d 196) (1984).

2. The appellant also argues that his armed robbery conviction should be set aside as a lesser included offense of malice murder.

This argument is clearly without merit. See *Hoerner v. State*, 246 Ga. 374 (1) (271 SE2d 458) (1980).

3. The evidence is sufficient to meet the requirements of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 9, 1987.

*L. Eddie Benton, Jr.*, for appellant.

*C. Andrew Fuller*, District Attorney, *Michael J. Bowers*, Attorney General, *Paula K. Smith*, Assistant Attorney General, for appellee.