## A90A1017. SHERIFF v. THE STATE.
(397 SE2d 732)

SOGNIER, Judge.

John Clinton Sheriff was convicted of cruelty to children, and he appeals.

1. Appellant enumerates the general grounds. At trial evidence was adduced that the victim was the eight month old son of Brenda O'Dell. When O'Dell took the victim to the hospital to have his broken leg treated, the hospital contacted the local authorities regarding the matter. Stephen Harwelick, an investigator with the Gordon County Sheriff's Department, testified that he discussed the incident with appellant, O'Dell's boyfriend. Harwelick testified appellant was advised of his rights, waived those rights, and then handwrote a statement in which appellant explained that on May 13, 1989, "while I was shooting cocaine around 7 to 7:30 I was throwing [the victim] up in the air[.] While doing this I accidentally dropped [the victim]. [The victim] was above my head at this time. I did not think he was hurt. I left for work at 12:15 the same night. Brenda came to my job & said something was wrong with [the victim's] leg. She took him to the doctor and his leg was broke. It must have happened when I dropped him that night. Brenda was in the back bedroom when I dropped [the victim] and did not know I was doing drugs."

Two workers with the Gordon County Department of Family and Children Services testified that appellant lived with Brenda O'Dell, the victim, and O'Dell's other child. O'Dell, who was also indicted in connection with this incident, testified that appellant lived with her and her two children and that on the day in question, appellant tended the victim while she was with the other child. She stated it was not until after appellant left for work that she discovered the injury to the victim's leg. She identified a letter written to her by appellant in which he wrote that he "was playing with [the victim] throwing him up like I always do making him laugh when his head hit the ceiling and he fell out of my hands. He hit the counter top then the floor."

The State introduced the testimony of Dr. Paul Nassour, who admitted the victim to the hospital, that the bone broken is one of the strongest bones in the body, and that the type of fracture suffered by the victim had required "a little bit of force." Dr. Joel Hoag, the orthopedic surgeon who treated the victim, testified that the break was a spiral fracture that was unusual and in a curious location, and that a twisting motion with applied force exerted on the limb was required

to cause such a break.

We find in the case sub judice that there was sufficient evidence to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of the offense of cruelty to children. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lewis v. State*, 191 Ga. App. 287, 288 (1) (381 SE2d 558) (1989).

2. Contrary to appellant's argument, the question posed to Dr. Hoag by the prosecutor on redirect did not address new material but rather expanded on Dr. Hoag's testimony on direct regarding the "twisting motion" required to cause a spiral fracture. The trial court did not abuse its discretion allowing the State's questioning. See generally *Maher v. State*, 239 Ga. 305, 306 (2) (236 SE2d 647) (1977).

3. Appellant contends the trial court erred by allowing O'Dell to testify because she had not been included on the list of witnesses provided him by the State pursuant to OCGA § 17-7-110. The prosecutor informed the court that O'Dell had agreed only the morning of the trial to testify against appellant. After appellant's attorney objected, the trial court then provided him with the opportunity to interview O'Dell during a break in the proceedings, and counsel took advantage of the opportunity to do so. "The purpose of OCGA § 17-7-110, under which the state generally must furnish a list of witnesses upon demand, is to insure that an accused is not confronted at trial with testimony of witnesses whom he has not had an opportunity to interview prior to trial. [Cit.] In the instant case, the trial court allowed counsel for the defendant to interview the witness before she was called to testify, thus satisfying the purpose of the statute. [Cits.]" *Kickery v. State*, 185 Ga. App. 274, 276 (1) (363 SE2d 805) (1987). See also *White v. State*, 253 Ga. 106, 109-110 (3) (317 SE2d 196) (1984).

4. Appellant contends the trial court erred by questioning O'Dell. "[T]he trial court may propound questions to any witness for the purpose of fully developing the truth of the case; the extent of such an examination is a matter within the sound discretion of the court. [Cit.] The trial transcript in this case does not support appellant's assertion of judicial misconduct in this regard. While the trial court in this case did ask [several] questions of [O'Dell], nothing in the transcript even remotely resembles a situation in which the trial court intimated an opinion as to the facts of the case or in which questioning by the trial court was marked by a prosecutorial zeal such as to prevent a fair trial. [Cits.] We find this enumeration to be without merit." *Whiddon v. State*, 160 Ga. App. 777, 779 (3) (287 SE2d 114) (1982), overruled in part on other grounds, *In re Irvin*, 254 Ga. 251, 253-254 (1) (328 SE2d 215) (1985).

As appellant acknowledges in his brief, because he did not object at trial to the introduction of certain documents after the trial court's questioning of O'Dell, he cannot contend error regarding that matter

on appeal. See generally *McGarity v. State*, 190 Ga. App. 139 (1) (378 SE2d 179) (1989).

5. (a) The transcript reveals that the trial court's charge on voluntary intoxication substantially covered every principle set forth in appellant's requested charge on that subject. Accordingly, it was not error for the trial court to refuse to give appellant's charge in the exact language requested. See generally *Shy v. State*, 190 Ga. App. 370, 372 (4) (a) (378 SE2d 920) (1989).

(b) We find no error in the trial court's charge to the jury on criminal negligence. Even assuming, arguendo, the charge set forth a standard more favorable to appellant than that required in criminal cases, appellant has failed to show how such a charge could have harmed him. Harm as well as error must be shown to authorize a reversal by this court. *Baptiste v. State*, 190 Ga. App. 451, 453 (1) (379 SE2d 165) (1989); *Craig v. Augusta Roofing &c. Works*, 78 Ga. App. 514, 515-516 (3) (51 SE2d 565) (1949).

(c) The transcript fails to support appellant's argument that the trial court overemphasized the word "guilty" when charging the jury regarding the form of the verdict.

6. Although appellant contends the trial court erred by omitting numerous charges earlier given when it recharged the jury, appellant's objection at trial was only to the trial court's failure to recharge the jury on the essential element of intent. The transcript reflects that after deliberating for some time, the jury submitted three questions to the court. Although the questions were not included in the record, after the trial court recharged the jury solely on accident and criminal negligence the transcript reflects that the jury indicated to the trial court that those recharges answered their question. "It is not error to limit a recharge to the question asked. [Cit.] In fact, '(r)esponding to a jury's request to restate portions of the charge is generally required of the trial judge, (cit.), and it is within the court's discretion to recharge only that which is specifically requested. (Cit.)' [Cit.] The trial court did not abuse its discretion by limiting its recharge to the specific questions asked." *Shy v. State*, supra at 372 (6).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 3, 1990.

*T. Joseph Campbell*, for appellant.
*Darrell E. Wilson, District Attorney, M. Suzanne Hayes, Assistant District Attorney*, for appellee.