## A99A0769. McLARTY v. THE STATE.
### (516 SE2d 818)

Judge Harold R. Banke.

Based on information supplied by two informants, police obtained a search warrant for drugs at the residence of attorney Scott McLarty. They did not immediately execute the warrant, but waited for confirming information from one of the informants, Michelle Scholtz, who visited McLarty's residence frequently. Two days later Scholtz called police and told them that only minutes earlier she had been at the residence where she had seen illegal drugs. Police immediately executed the warrant and found marijuana, 37 grams of cocaine, and smoking devices with cocaine residue.

McLarty unsuccessfully moved to suppress the fruits of the search. He was convicted of cocaine trafficking (OCGA § 16-13-31 (a)), cocaine possession (OCGA § 16-13-30 (a)), and marijuana possession (OCGA § 16-13-30 (j) (1)). On appeal he argues the court erred in denying the motion to suppress and in allowing Scholtz to testify even though she was not on the State's witness list. *Held*:

1. McLarty contends that probable cause did not support the issuance of the warrant. Once McLarty challenged the search warrant, the State bore the burden of proving its lawfulness. *Davis v. State*, 266 Ga. 212, 213 (465 SE2d 438) (1996). Holding the State carried that burden based on Detective Hunsinger's detailed affidavit, the court found probable cause existed.

*Hill v. State*, 224 Ga. App. 208 (480 SE2d 256) (1997), held:

> In reviewing a trial court's decision on a motion to suppress, its findings will not be disturbed if there is any evidence to support them; all relevant evidence of record, including evidence introduced at trial, as well as evidence introduced at the motion to suppress hearing, may be considered. [Cits.]

A magistrate issuing a warrant need conclude, based on the totality of the circumstances, only that there is a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. Stephens*, 252 Ga. 181, 184 (311 SE2d 823) (1984).

Hunsinger's August 16, 1996 affidavit (based on the information received from the informants) provided probable cause. Scholtz, whose name was kept confidential at the time, had on four previous

occasions provided information to Hunsinger leading to the seizure of illegal drugs and arrests. She told him that when she had been with McLarty at his residence on numerous occasions during the past several months (including on or immediately before August 16), she had observed him possessing, using, and purchasing cocaine. On August 15, a known drug dealer told Hunsinger that she had supplied McLarty with cocaine for the past two weeks on a daily basis, with the last delivery on August 13.

McLarty's argument that probable cause dissipated because the last supply of drugs to him on August 13 had probably been used up fails not only because Scholtz testified she saw drugs there immediately before or on August 16, but also because the continuing nature of McLarty's usage created a reasonable belief that the conditions described in the affidavit still prevailed when the warrant was issued. *White v. State*, 225 Ga. App. 74, 75 (1) (483 SE2d 329) (1997).

Hunsinger's decision to delay the execution of the McLarty search warrant, until he received confirming information from a person who had just left the premises that drugs were present, was authorized so long as the search occurred within ten days of the warrant's issuance. OCGA § 17-5-25; *Franklin v. State*, 179 Ga. App. 220, 221 (2) (345 SE2d 912) (1986); see *State v. Banks*, 185 Ga. App. 760, 762 (365 SE2d 855) (1988). The warrant by its terms authorized a search within ten days. Moreover, " '(w)hen the affidavit indicates the existence of an ongoing scheme . . ., the passage of time becomes less significant than would be the case with a single, isolated transaction.' [Cit.]" *Franklin*, supra, 179 Ga. App. at 221 (2).

2. Citing *Bentley v. State*, 210 Ga. App. 862 (2) (438 SE2d 110) (1993), McLarty argues that OCGA § 17-16-21 required the exclusion of Scholtz's testimony because she was not included on the formal witness list provided by the State pursuant to its discovery obligations.

OCGA § 17-16-21, which applies only to misdemeanor cases or to felony cases docketed prior to 1995, does not apply here. OCGA § 17-16-20. *Bentley* relies on the "newly-discovered witness" showing required by OCGA § 17-7-110, which statute was repealed as of January 1, 1995. Ga. L. 1994, p. 1895, § 1.

McLarty elected to have OCGA § 17-16-1 et seq. apply to his case. The relevant Code section is OCGA § 17-16-8 (a), which requires the State to provide a defendant with the names of its witnesses not later than ten days before trial, "unless for good cause the judge allows an exception to this requirement, in which event the counsel shall be afforded an opportunity to interview such witnesses prior to the witnesses being called to testify." *Mize v. State*, 269 Ga. 646, 653 (7) (501 SE2d 219) (1998), explained:

> A defendant has a constitutional and statutory right to a list of State witnesses before trial. Ga. Const., Art. I, Sec. I, Par. XIV; OCGA §§ 17-16-3; 17-16-8; USCR 30.3. [But an] omission does not require a reversal [if] the purpose of the rule was satisfied. The witness list rule is designed to prevent a defendant from being surprised at trial by a witness that the defendant has not had an opportunity to interview. [Cit.]

See generally *White v. State*, 253 Ga. 106, 109 (3) (317 SE2d 196) (1984).

When the identity and involvement of a witness are otherwise disclosed to defendant in discovery provided to him by the State, the purpose of the witness list rule is served and the court may allow the State to call the witness even though he or she was not listed on the State's formal witness list. *Gossett v. State*, 199 Ga. App. 286, 288 (2) (404 SE2d 595) (1991); see *State v. McBride*, 258 Ga. 321 (368 SE2d 758) (1988); *Redmond v. State*, 252 Ga. 142 (2) (312 SE2d 315) (1984).

Though her name was not on the State's witness list, the State's formal disclosure of Scholtz as the confidential informant six weeks prior to trial, combined with (i) the summary of her testimony found in the search warrant affidavit given to McLarty, (ii) McLarty's admitted knowledge of her identity prior to the formal disclosure, (iii) McLarty's own pre-trial reference to her as a material witness, and (iv) McLarty's attempts to interview her prior to trial, fulfills the purpose of the witness list rule in that McLarty could not have been surprised by her appearance as a witness. Indeed, when the State announced she would be the next witness, McLarty's counsel did not express surprise but responded with the single word, "Good"; and following her testimony, that same counsel frankly admitted to the court that they were not necessarily surprised that she testified. McLarty's inaccurate remark in his opening statement that she would not be testifying was either a tactical ploy or an unjustified assumption. See *Redmond*, 252 Ga. at 142 (2).

Moreover, even if the State had failed to disclose her name pre-trial, OCGA § 17-16-8 (a) provides that for good cause shown the judge may allow an unlisted witness to testify so long as counsel is afforded an opportunity to interview the witness prior to her testimony. Good cause was shown in that Scholtz did not agree to testify for the State until the night before her testimony, and the prosecutor himself had thus not interviewed her until the morning of her testimony. See *Sheriff v. State*, 197 Ga. App. 143, 144 (3) (397 SE2d 732) (1990). McLarty's counsel had the opportunity to interview her prior to trial and indeed contacted her; she simply declined an interview, "as was her prerogative. [Cit.]" *Knight v. State*, 266 Ga. 47, 49 (4) (a) (464 SE2d 201) (1995).

McLarty's counsel requested and received the opportunity to ask for a recess to interview Scholtz after her direct testimony. Allowing the defendant the opportunity to interview unlisted witnesses satisfies the purpose of the rule. *White*, supra, 253 Ga. at 109-110 (3); see *Mize*, supra, 269 Ga. at 653 (7). Counsel did not ask for that recess at the close of Scholtz's direct, but went immediately into a thorough and sifting cross-examination that consumed 67 pages of transcript. "Appellant cannot complain of a ruling his own procedure or conduct aided in causing." *Chezem v. State*, 199 Ga. App. 869, 870 (1) (406 SE2d 522) (1991).

The court did not err in allowing Scholtz to testify.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 27, 1999 —
RECONSIDERATION DENIED MAY 11, 1999 — CERT. APPLIED FOR.

*Hudson, Montgomery & Kalivoda, James E. Hudson, Steven H. Sadow, Bruce S. Harvey*, for appellant.
*Daniel J. Porter, District Attorney*, for appellee.
*Melanie R. Metcalf*, amicus curiae.