## 76368. HAMM v. THE STATE.
(370 SE2d 158)

McMURRAY, Presiding Judge.

Defendant was convicted of armed robbery and moved for a new trial. The motion was denied and defendant appeals. *Held*:

1. The following evidence was adduced at trial: On January 6, 1986, two men entered a convenience store and asked for change. The store clerk turned and opened the cash register. She was hit on the head with a rod and fell to the floor. The money was taken from the register and the robbers fled.

Within minutes of the robbery, defendant was spotted by a police officer who knew him. Defendant was only a few blocks from the convenience store and was running hurriedly. He looked over his shoulder in the direction of the approaching patrol car and did not stop; "he turned northbound and fled over the tracks." The police officer was unable to catch him.

Based on information gleaned by the police, a lookout was posted for defendant and two others, King and Allen. Two days later, defendant turned himself in. After he was advised of his rights, defend-

ant stated that on the night in question, he went to the convenience store with King and Allen; that, on the way, King picked up a rod; and that King and Allen entered the store while he stayed outside. Defendant also stated that after the robbery, the trio ran, split up for awhile, and then got back together to divide the money; and that his (defendant's) share of the proceeds was approximately $200.

In his first enumeration of error, defendant contends the trial court erred in failing to grant his motion for a directed verdict of acquittal. We disagree. A directed verdict of acquittal will lie only where there is *no* evidence to support a contrary verdict. *Lane v. State*, 177 Ga. App. 553, 554 (1) (340 SE2d 228). See OCGA § 17-9-1. In the case sub judice, the evidence was sufficient to support the jury's finding that defendant was guilty of armed robbery beyond a reasonable doubt. *Kimbro v. State*, 152 Ga. App. 893 (264 SE2d 327). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Defendant contends that the prosecution used its peremptory strikes in contravention of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69), and that the trial court erred in ruling otherwise. This contention is without merit. The prosecution used five of its strikes to remove black jurors from the venire. (One black juror remained on the panel and served on the jury.) Legitimate, race-neutral reasons were presented by the assistant district attorney for the exercise of each strike. Giving "great deference" to the trial court, it cannot be said its conclusion that the strikes were not motivated by intentional discrimination was "clearly erroneous." *McCormick v. State*, 184 Ga. App. 687, 689 (362 SE2d 472).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED APRIL 18, 1988 —
REHEARING DENIED MAY 10, 1988 — 

*James David Dunham*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Anne Cobb, Assistant District Attorney*, for appellee.