## 77161. HILLS v. THE STATE.
(379 SE2d 626)

CARLEY, Chief Judge.

Appellant was tried before a jury and convicted of possession of heroin with intent to distribute. He appeals from the judgment of conviction and sentence entered on the jury verdict.

1. The trial court permitted one of the arresting officers to testify as to certain hearsay information that he had received. The testimony was admitted as explanatory of the officer's conduct in approaching and arresting appellant. Appellant enumerates as error the trial court's ruling that this hearsay evidence was admissible pursuant to OCGA § 24-3-2.

Assuming without deciding that the testimony was inadmissible under our Supreme Court's rulings in *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982), and in *Teague v. State*, 252 Ga. 534 (1) (314 SE2d 910)(1984), there was no reversible error. The record shows that other witnesses, including a defense witness on direct examination, testified to essentially the same information as was contained in the officer's testimony which was challenged as hearsay. "For that reason, the testimony of [the officer] is merely cumulative, and we find it more than highly probable that its admission did not contribute to the verdict. [Cit.]" *Teague v. State*, supra at 537. See also *Rushin v. State*, 180 Ga. App. 276 (3) (348 SE2d 910) (1986); *Simmons v. State*, 174 Ga. App. 906, 907 (2) (331 SE2d 923) (1985).

2. Appellant enumerates as error the trial court's giving of "an overbroad jury instruction."

Appellant has waived his right to enumerate the challenged charge as error. "In order to avoid waiver, if the trial court inquires if there are objections to the charge, counsel must state his objections or follow the procedure set forth in *Gaither v. State*, 234 Ga. 465 (216 SE2d 324) (1975), . . . of reserving the right to object on motion for new trial or on appeal." *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980). See also *Wadley v. State*, 257 Ga. 280, 281 (2) (357 SE2d 588) (1987). The record shows that, upon the trial court's direct inquiry, appellant did not follow the correct procedure for preserving the right to enumerate error as to the jury charge. "In the absence of [an objection or] a reservation in response to a direct inquiry by the trial court, appellant has waived the objection he now makes. [Cit.]" *Kelly v. State*, 174 Ga. App. 424, 425 (4) (330 SE2d 165) (1985).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 8, 1989.

*Kenneth D. Kondritzer*, for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.