A89A2304. HALL v. THE STATE.
(390 SE2d 104)

POPE, Judge.

Hall's conviction for possession of cocaine was affirmed in an earlier appeal, *Hall v. State*, 188 Ga. App. 322 (373 SE2d 32) (1988), but the case was remanded to allow the trial court to conduct a hearing on Hall's claim that his trial counsel was ineffective. After conducting such a hearing, the trial court found that Hall's counsel had not been ineffective. Hall, represented by new counsel who appeared at the hearing below, now appeals that ruling. *Held*:

"To establish that there has been actual ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. In order to prove the defense has been prejudiced, defendant must show there is a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional deficiencies. [Cit.]" *Baggett v. State*, 257 Ga. 735 (363 SE2d 257) (1988).

On appeal, Hall raises two issues. He contends that his trial counsel was ineffective because he withdrew a *Jackson-Denno* motion and because he failed to raise a defense of insanity. Testimony below was in conflict about whether trial counsel consulted Hall about withdrawing the *Jackson-Denno* motion. Trial counsel testified that after he reviewed the State's file and found a written waiver signed by his client along with statements by police that led him to believe that Hall's statements had been made voluntarily, he discussed the matter with Hall and recommended that the motion be withdrawn because it was unlikely to succeed. Hall agreed. However, Hall testified that trial counsel did not consult him and that he had no knowledge the motion had been withdrawn.

The trial court found that trial counsel did consult Hall about the matter and did get Hall's consent to withdraw the motion. "On appeal, where the evidence is in conflict, the trial court's findings as to factual determinations and credibility will be upheld unless clearly erroneous. [Cit.]" *Burley v. State*, 190 Ga. App. 75, 78 (3a) (378 SE2d 328) (1989). Our review of the record shows that the finding of the trial court was not clearly erroneous.

The trial court also found that trial counsel knew that Hall had been diagnosed as a paranoid schizophrenic, but that at all material times Hall knew right from wrong, knew that possession of cocaine was a crime and was able to assist his trial counsel in the preparation for and conduct of the trial. Evidence in the record supports these findings. " 'Schizophrenia is a psychosis, but a psychosis is not the equivalent of insanity. . . . It is a mental illness. . . . (A) mere showing of a medical psychosis does not establish legal insanity.' [Cit.]" *Tarver v. State*, 186 Ga. App. 905 (368 SE2d 828) (1988).

Hall has failed to show that his trial counsel's actions were improper or prejudiced his defense so that the result at trial would have been different. It follows that the trial court's conclusion that Hall was not denied effective assistance of counsel was not clearly erroneous and should stand.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JANUARY 9, 1990.

*E. Jerrell Ramsey*, for appellant.
*Glenn Thomas, Jr.*, District Attorney, *Charles K. Higgins*, Assistant District Attorney, for appellee.