A90A0298. ROSS v. THE STATE.
(390 SE2d 429)

DEEN, Presiding Judge.

Appellant Ross was convicted on charges of sale and distribution of cocaine. On appeal he enumerates as error (1) the trial court's allegedly impermissibly limiting voir dire by sustaining the State's objection to a certain question; (2) the trial court's denial of his motion for directed verdict of acquittal based on an alleged insufficiency of evidence; and (3) the denial of his motion for new trial on the asserted ground of recently discovered evidence. *Held*:

1. Appellant's first enumeration is controlled adversely to his contention by *Chastain v. State*, 255 Ga. 723 (342 SE2d 678) (1986). In the instant case, according to the trial transcript, defense counsel asked the prospective jurors, "Would any of you have any reluctance in returning a not guilty verdict if there is just a suspicion of guilt?" The trial court sustained the State's objection. In *Chastain* the trial court likewise sustained the State's objection to defense counsel's question as to whether any of the prospective jurors would be reluctant to return a "not guilty" verdict if they had a reasonable doubt as to defendant's guilt. Id. at 724. This court held, "While the language of [OCGA § 15-12-133] is broad, the trial judge retains the discretion to limit the examination to questions dealing directly with the specific case. . . ." Id. See also *Southern R. Co. v. Lawson*, 256 Ga. 798 (353 SE2d 491) (1987). Finding no abuse of the trial court's discretion, we will not disturb this ruling. This enumeration is without merit.

2. The direction of a verdict of acquittal is proper only where "there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall *demand* a verdict of acquittal [emphasis supplied]." OCGA § 17-9-1; *Hamm v. State*, 187 Ga. App. 318 (370 SE2d 158) (1988). If there is any evidence of guilt, it is for the jury, rather than the court, to decide whether the evidence is sufficient to sustain a conviction. *Castillo v. State*, 166 Ga. App. 817 (305 SE2d 629) (1983). In the instant case there was ample competent evidence, consisting of two law enforce-

ment officers' testimony as well as other competent evidence, to warrant a conviction on the offense charged. Appellant's second enumeration has no merit.

3. Appellant contends that the trial court improperly denied his motion for new trial on the basis of allegedly recently discovered evidence, citing in support of his position *Shoffeitt v. State*, 106 Ga. App. 543 (127 SE2d 495) (1962). In *Shoffeitt*, as in the instant case, the appellant's brother made a statement to the effect that it was he, not the appellant, who had committed the crime. This court affirmed the trial court's denial of the motion for new trial, holding, at 544, that appellant and his counsel should have filed "affidavits . . . affirmatively stat[ing] that they did not know of the evidence during the trial; failing in this, they have no cause for a new trial on the ground of the alleged newly discovered evidence." The same factual situation obtaining in the instant case as in *Shoffeitt*, we find no merit in appellant's third enumeration.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JANUARY 22, 1990.

*Perry, Walters & Lippitt, Nancy G. Grigg*, for appellant.
*Britt R. Priddy, District Attorney, L. Earl Jones, Assistant District Attorney*, for appellee.