A90A1722. NICELY v. THE STATE.
(397 SE2d 630)

DEEN, Presiding Judge.

John Wesley Nicely was convicted of the sale of a controlled substance (cocaine), and he appeals following the denial of his motion for a new trial.

1. The trial court did not restrict cross-examination of the State Crime Laboratory witness. The trial transcript shows that appellant was permitted a thorough and sifting cross-examination of the witness. The State objected to one of appellant's questions to the witness as to whether the police officer gave the witness other items at the time she gave him an item allegedly sold by the defendant. The objection was overruled, and cross-examination on this issue continued. No objection was raised when the witness was excused. There is no merit in this enumeration.

2. Appellant claims that the court erred in failing to enforce his subpoena, which was served on the crime lab expert witness requiring him to appear at the hearing on the defendant's extraordinary motion for a new trial because he had newly discovered evidence. One Grady Thomas had apparently been arrested for the sale of a small amount of cocaine during the same month as the defendant, and the same agents were involved in Thomas' arrest. Appellant contends that there was a mix-up or confusion between the two arrests and the evidence that was seized, and that he was unable to present this defense.

The trial evidence showed that the same confidential informant was used for both arrests, and one of the undercover agents was cross-examined about other drug deals made at or about the time that the defendant allegedly committed the crime in question. The second agent in the case was not cross-examined about possible misidentification of the defendant with other drug sales and purchases utilizing the same confidential informant. As the defendant failed to pursue a line of questioning at trial as to the possible confusion between himself and another defendant when there was evidence that the agents in question had made several transactions using the same informant at or about the time of the transaction involving the defendant, he waived any right to raise it again later at the hearing on the motion for a new trial. The State Crime Laboratory witness was cross-ex-

amined at trial about receiving other evidence contemporaneously with the evidence in the defendant's case and could not recall whether he received any or not. At trial, a defense witness inserted the name Grady Thomas into the evidence and testified as to the circumstances surrounding Thomas's arrest. By choosing to disregard this possible defense at trial, the defendant cannot now claim that it was newly discovered evidence. *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792) (1980).

3. As appellant failed to raise any objection at trial to bench conferences not being recorded by the court reporter, he cannot raise this issue for the first time on appeal. *McCounly v. State*, 191 Ga. App. 266 (381 SE2d 552) (1989).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 9, 1990.

*Watson & Watson, Anne L. Watson, Herman A. Watson III*, for appellant.

*C. Andrew Fuller, District Attorney, Lee Darragh, Raymond E. George, Assistant District Attorneys*, for appellee.