A90A2069. DEAL v. THE STATE.
(404 SE2d 343)

COOPER, Judge.
Appellant was indicted and tried for trafficking in cocaine. The jury returned a guilty verdict and he appeals.

Acting on information provided by a detective in the Atlanta police department that cocaine was being stored for distribution in Atlanta in a motel room in Clayton County, Clayton County narcotics agents began surveillance of Room 219 of the Travel Lodge in that county. Concurrently, an agent obtained a search warrant for Room 219 based on information provided by the Atlanta detective that a reliable and confidential informant had been in Room 219 within the past 48 hours; that four males and a female at the motel were involved in cocaine distribution; and that the room was registered to a "Michelle," who was from the Miami area and drove a white car with a Florida prestige tag. On surveillance, the officers observed several men getting out of a Toyota and going into Room 203. Shortly thereafter, one of the men left Room 203 and entered Room 219. He was later identified as Preston Bowe. The search warrant was executed and Michelle Walker and Preston Bowe were found in Room 219 with a box of nine millimeter bullets and $1,838 in cash secreted in Walker's purse. However, no cocaine was discovered. The agent maintained a watch on Room 203 and discovered that the room was registered to Chris Bowe, Preston's brother, whom he denied know

---

[2] It is not evident whether the appellant invoked OCGA § 17-5-1 expressly.

ing. The police went into Room 203 without a warrant, moved the men present to Room 219 and left an officer in Room 203 to secure the room while a search warrant was obtained. Appellant was one of the men present in Room 203 who was subsequently moved to Room 219. The search of Room 203 produced two guns, including a nine millimeter handgun, cash and the keys to the white car with the Florida prestige tag but no cocaine. In a second search of Room 219, approximately 253 grams of crack cocaine were discovered in a brown paper bag inside the box springs of the bed. All were arrested and charged with trafficking in cocaine.

1. Appellant enumerates as error the trial court's denial of his motion to suppress because the affidavit supporting the search warrant was insufficient. Appellant argues that the Clayton County agent did not verify the information recited in the affidavit nor did the Atlanta detective or his informant appear before the magistrate; therefore, there was no probable cause to justify the issuance of the search warrant. The affidavit indicated that the information was obtained by a detective of the narcotics unit of the Atlanta Bureau of Police Services who acquired the tip from a "known confidential and reliable informant" who had "provided truthful and accurate information within the past three months" leading to arrests and seizures of controlled substances. The detective was investigating a fire bombing and a drug related homicide involving someone known only as "Red," and the informant indicated that the cocaine was being stored in Room 219 for "Red." The detective visited the motel and confirmed that Walker was registered and had given a Miami address and a fictitious driver's license number. " 'Observations by fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number.' [Cits.]" *Mitchell v. State*, 239 Ga. 456, 458 (2) (238 SE2d 100) (1977). Moreover, it was not essential that the detective and the informant appear before the magistrate. " 'The rule in Georgia has been that an affidavit supporting a search warrant may be based on hearsay information as long as there is a substantial basis for crediting the hearsay.' [Cit.]" *Williams v. State*, 193 Ga. App. 677, 680 (388 SE2d 893) (1989). In our view, the detective's verification of the informant's tip provided such a basis. "Looking at the totality of the circumstances presented to the magistrate, we are satisfied that the magistrate had a substantial basis for concluding that probable cause existed and there was no error in the denial of the motion to suppress." *Bullock v. State*, 195 Ga. App. 37, 39 (1) (392 SE2d 534) (1990).

2. In his second and third enumerations of error, appellant contends the trial court erred in failing to grant his motions for a directed verdict at the close of the State's case and at the close of appellant's case, respectively, as the evidence demonstrated only his

"mere presence" at the scene of the crime. The evidence showed that Preston and Chris Bowe were cousins of appellant; that Preston Bowe was a seasoned drug dealer who made numerous trips from Miami to Atlanta to "visit" and sell drugs; that Preston Bowe often associated with appellant, an Atlanta resident, on the trips; that at the time he was removed from Room 203, appellant had been in the presence of loaded guns and money of which ownership had been denied by all the men present in the room; and that the bullets for the nine millimeter gun found in Room 203 were discovered in Room 219, the room in which the cocaine was discovered. " 'Mere presence at the scene of a crime is insufficient to convict one of being a party to the crime, but presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.' [Cit.]" *Lunz v. State*, 174 Ga. App. 893, 895 (1) (332 SE2d 37) (1985). Further, "[t]he direction of a verdict of acquittal is proper only where 'there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall *demand* a verdict of acquittal.' [Cits.] If there is any evidence of guilt, it is for the jury, rather than the court, to decide whether the evidence is sufficient to sustain a conviction. [Cit.]" *Ross v. State*, 194 Ga. App. 285 (2) (390 SE2d 429) (1990). We find that there was sufficient evidence of guilt to warrant consideration by the jury, and the evidence did not demand a verdict of acquittal.

3. Appellant also enumerates as error the admission of a videotape of the surveillance of the Travel Lodge on the day of the arrests inasmuch as the State failed to produce the tape pursuant to appellant's discovery motions. According to an agent involved in the surveillance, the videotape revealed that after their arrests and while still at the motel, appellant and the co-defendants were asked if they had any knowledge of the money and the weapons, and with the exception of Preston Bowe, all denied knowledge. Specifically, appellant contends that the State failed to produce a copy of appellant's oral statement pursuant to OCGA § 17-7-210 (c) and (e), and the State did not produce the videotape pursuant to his motion to examine all "physical evidence in the possession or under the control of the District Attorney." However, the record contains neither a motion to produce under OCGA § 17-7-210 filed on appellant's behalf nor appellant's blanket motion. At trial, appellant joined the co-defendants in an objection to the tape because the State failed to produce, in response to co-defendants' requests prior to trial, "any recorded statement" or to allow the viewing of physical evidence.

Two of the limited methods by which a criminal defendant may obtain discovery are an OCGA § 24-10-26 notice to produce documentary evidence in the possession of the State and a request pursuant to OCGA § 17-7-210 for the defendant's statement given while in police

custody. *Ford v. State*, 256 Ga. 375 (2) (a) (349 SE2d 361) (1986). If we view appellant's blanket request to produce liberally as an OCGA § 24-10-26 notice to produce, such a request " 'cannot be used to enable defense counsel to examine, in advance of trial or evidentiary hearing, the contents of the district attorney's file.' [Cit.] In a criminal case a notice to produce pursuant to OCGA § 24-10-26 . . . may compel the production of books, documents or tangible things in the State's possession 'where such books, etc., would be admissible and *are needed for use as evidence on behalf of the defendant.*' [Cit.] (Emphasis supplied.)" *Sims v. State*, 251 Ga. 877, 879-880 (4) (311 SE2d 161) (1984). The videotape was only introduced on re-direct examination to rehabilitate the testimony of the agent who had already testified that the men denied knowledge of the guns and money. Thus, appellant did not need the tape to support his contention that he had no knowledge of the guns and money because the State never disputed the fact.

At trial, the prosecutor stated to the court that he furnished defense counsel with an excerpt from a DEA report which recited that appellant and the co-defendants denied knowledge of the cocaine, guns and money, and his pronouncement was not disputed by defense counsel. He maintained that he was not required to mention or produce the videotape. We can find no authority for the contention that the videotape should have been produced under OCGA § 17-7-210, which requires in subsections (b) and (c), that the prosecution comply with a defendant's timely request for a written copy of his oral statement. There is no evidence that the statement provided by the prosecutor was not sufficient under OCGA § 17-7-210, and the statement is not included in the record on appeal for our review. It appears, therefore, that the trial court did not abuse its discretion in admitting the videotape. See *Lewis v. State*, 158 Ga. App. 586 (1) (281 SE2d 331) (1981).

4. Appellant next contends the trial court erred in admitting a bonding receipt which was discovered in Michelle Walker's purse during the search. The receipt showed that approximately one month before the arrests in the instant case Preston Bowe posted a bond on appellant's behalf stemming from unspecified charges. The State sought to introduce the receipt during its case in chief, contending that the receipt demonstrated further, the connection between appellant and Preston Bowe. Appellant contends that the receipt tended to show that he had been incarcerated and put his character in issue. The receipt was admitted at the close of all of the evidence, and at that juncture, Preston Bowe had already testified that while in Atlanta to sell drugs on the date indicated on the receipt, he posted appellant's bond. Counsel for appellant renewed his objection to the receipt but did not object to Bowe's subsequent testimony. We again

find no abuse of the trial court's discretion in the admission of the receipt, *Lewis,* supra, and "even assuming error, it would be harmless inasmuch as the [document] was merely cumulative of other evidence properly before the jury. [Cits.]" *Milstead v. State,* 155 Ga. App. 407 (2) (270 SE2d 820) (1980). See also *Brooks v. State,* 193 Ga. App. 559 (1) (388 SE2d 386) (1989).

5. Appellant argues that the trial court erred in failing to allow appellant to open and conclude argument to the jury because he offered no evidence on his own behalf and did not cross-examine co-defendants' witnesses. The transcript reveals that no timely objection was made to the order of closing argument, and "[o]bjections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived. [Cit.]" *Fancher v. State,* 190 Ga. App. 438, 439 (1) (378 SE2d 923) (1989).

6. Finally, appellee enumerates as error two charges given to the jury. However, the transcript demonstrates that upon the trial court's direct inquiry as to whether there were any objections to the charge, counsel for a co-defendant stated, "None other than our previous standard objection, Your Honor." The trial court then asked counsel for appellant, and he replied, "Likewise, sir." The only other objection was made before the charge was given, at which time co-defendant's counsel argued that the State's requests to charge were untimely. Appellant's counsel joined in the objection, and it was sustained. Co-defendant's counsel stated that otherwise, he had no objections to the charge. " 'In the absence of (an objection or) a reservation in response to a direct inquiry by the trial court [for objections to jury charges], appellant has waived the objection[s] he now makes.' [Cit.]" *Hills v. State,* 190 Ga. App. 636 (2) (379 SE2d 626) (1989). This enumeration is without merit.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED MARCH 15, 1991.

*David J. Walker, Sr.,* for appellant.
*Robert E. Keller, District Attorney;* for appellee.