## A91A0837. BOWE v. THE STATE.
## A91A0913. McDUFFIE v. THE STATE.
### (410 SE2d 765)

COOPER, Judge.

Appellants were tried jointly and convicted of trafficking in cocaine. In this consolidated appeal, they appeal the denial of their motions for new trial.

Acting on information provided by a detective in the Atlanta police department that cocaine was being stored for distribution in Atlanta in a motel room in Clayton County, Clayton County narcotics agents began surveillance of Room 219 of a motel in Clayton County. Concurrently, an agent obtained a search warrant for Room 219 based on information provided by the Atlanta detective that a reliable and confidential informant had been in Room 219 within the past 48 hours; that four males and a female at the motel were involved in cocaine distribution; and that the room was registered to a "Michelle," who was from the Miami area and drove a white car with a Florida prestige tag. While on surveillance, the officers observed several men getting out of a Toyota and going into Room 203. Shortly thereafter, one of the men left Room 203 and entered Room 219. He was later identified as Preston Bowe. The search warrant was executed, and Michelle Walker and Preston Bowe were found in Room 219 with a box of nine millimeter bullets and $1,838 in cash secreted in Walker's purse. However, no cocaine was then discovered. The agents maintained a watch on Room 203 and discovered that the room was registered to appellant, Chris Bowe, Preston's brother, whom Preston denied knowing. The police went into Room 203 without a warrant, moved the men present in Room 203 to Room 219 and left an officer in Room 203 to secure the room until a search warrant was obtained. Appellants were two of the three men present in Room 203 who were moved to Room 219. The search of Room 203 produced no cocaine, but two guns, including a nine millimeter automatic handgun, $3,900 in cash and the keys to the white car with the Florida prestige tag were found. In a second search of Room 219, approximately 253 grams of crack cocaine were discovered in a brown paper bag inside the box springs of the bed. All the occupants of both rooms were arrested and charged with trafficking in cocaine. Preston Bowe and Michelle Walker entered guilty pleas prior to trial. Appellants and co-defendant Remano Deal were tried jointly. See *Deal v. State*, 199 Ga. App. 184 (404 SE2d 343) (1991). At the time of their arrest, appellants denied knowledge of the guns, cocaine and the money; however, at trial, Chris Bowe admitted owning the nine millimeter gun, and appellant McDuffie testified that $900 of the money seized in Room 203 belonged to him. During the trial, Michelle Walker testified that on the day of the arrest Preston Bowe had been given the

drugs by Chris Bowe.

1. Appellants enumerate as error the trial court's denial of their motions to suppress evidence seized from both motel rooms. However, when the evidence was offered for admission, attorneys for both appellants affirmatively stated that they had no objection to the admission of the items, thereby waiving appellants' rights to contest the admission of the evidence on appeal. *Abrams v. State,* 144 Ga. App. 874 (1) (242 SE2d 756) (1978). Accord *Nolton v. State,* 193 Ga. App. 200 (1) (387 SE2d 364) (1989).

Relying on *Osborne v. Ohio,* 495 U. S. ___ (110 SC 1691, 109 LE2d 98) (1990) and *James v. Kentucky,* 466 U. S. 341 (104 SC 1830, 80 LE2d 346) (1984), appellants argue that the motions to suppress properly preserved their objections to the evidence and that when raising federal constitutional issues, the state bar to consideration of those issues on appeal on the ground of waiver is not sufficient to deny redress. In *Osborne,* the Supreme Court held that it was not precluded from considering constitutional issues arising from an erroneous jury charge based on the defendant's failure to object when the charge was given because defendant's motion to dismiss, filed before the trial, had properly placed the issue before the trial court. In *James,* the Supreme Court ruled that a constitutional claim involving the failure to give a jury charge was not barred by the defendant's failure to request the particular charge but was preserved for appeal by his request during the trial for an admonition of the jury on the same legal principle. In both cases, the Supreme Court, citing *Davis v. Wechsler,* 263 U. S. 22, 24 (44 SC 13, 68 LE 143) (1923), held that plain and reasonable assertions of federal rights cannot be defeated by local practice. However, these cases do not require a departure in the instant case from this state's long-standing rule that objections to evidence not raised at trial cannot be considered on appeal. Appellants' acquiescence in the admission of the evidence at trial represented a total reversal of the initial objections asserted in the motions to suppress in opposition to the admission of the evidence, and those initial objections to the evidence are deemed waived by the attorneys' specific and affirmative statements during the trial that there were no objections to the admission of the evidence.

2. Appellants contend the trial court erred in admitting into evidence a videotape depicting appellants denying any knowledge of the cocaine, guns and money recovered in the seizure because the State failed to supply written copies of the statements as requested pursuant to OCGA § 17-7-210. The record demonstrates that prior to the playing of the videotape at trial, the denials were testified to by live witnesses without objection. The court concluded that because the statements were testified to in the suppression hearing, two months prior to trial, when appellants and their counsel were present, appel-

lants had notice of the statements at least ten days before trial as required by OCGA § 17-7-210. We agree. "The purpose of the discovery statute (OCGA § 17-7-210) is to inform the defendant in writing of all relevant and material portions of his own statement that the State may rely upon to the defendant's disadvantage. [Cit.]" *Lewis v. State*, 183 Ga. App. 41, 42 (357 SE2d 862) (1987). In *McCarty v. State*, 161 Ga. App. 444 (1), 445 (288 SE2d 249) (1982), this court held that "[t]he testimony of an investigating officer [in a suppression hearing] recalling an oral statement and the recording and transcription of this testimony is the furnishing in writing of 'all relevant and material portions of the defendant's statement' which [OCGA § 17-7-210] requires." Accordingly, we find that there was substantial compliance with the requirements of the discovery statute. Moreover, to obtain a reversal based on the State's failure to provide a written statement, harm, as well as error, must be shown. *Van Kleeck v. State*, 250 Ga. 551 (1) (299 SE2d 735) (1983). The statements on the videotape were merely cumulative of other previously rendered testimony to which appellants interposed no objection. See *Burton v. State*, 191 Ga. App. 822 (7) (383 SE2d 187) (1989).

3. Chris Bowe enumerates as error the trial court's denial of his renewed motion for new trial on the ground that his counsel at trial was ineffective in failing to object to the tender of the cocaine, money and guns during the trial and thereby failing to preserve his objection for appeal. " 'To establish that there has been actual ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. In order to prove the defense has been prejudiced, defendant must show there is a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional deficiencies. (Cit.)' [Cit.]" *Hall v. State*, 194 Ga. App. 200 (390 SE2d 104) (1990). Examining the evidence adduced below as if counsel had made timely objections to the introduction of the cocaine, guns and the photograph of the money, we conclude that the evidence nevertheless would have been admissible at trial, and the verdict would not have been different.

Chris Bowe contends there was insufficient probable cause for his arrest in view of the fact that the informant's tip pertained to Room 219; therefore, the seizure of the evidence was illegal, and the evidence should have been suppressed at trial. We disagree and find that Chris Bowe's arrest was supported by sufficient probable cause. What the officers observed in their surveillance of the motel rooms was consistent with the information provided by the informant. No drugs were discovered in Room 219, and it was reasonable for the officers to conclude that the drugs might be found in Room 203 based on their discovery that the room was registered to Chris Bowe, Preston Bowe's

brother, their observation of the four men entering Room 203, Preston Bowe leaving Room 203 and entering Room 219 prior to the raid and Preston Bowe's denial that he knew Chris Bowe. Moreover, " '[a] search conducted pursuant to a search warrant, regular and proper on its face, is presumed to be valid and the burden is on the person who moves to suppress items found to show that the search warrant was invalid.' [Cit.]" *Williams v. State*, 193 Ga. App. 677, 678 (388 SE2d 893) (1989).

Chris Bowe argues that in obtaining the search warrant for Room 203, the affiant omitted exculpatory information regarding the search of Room 219. " 'We have previously intimated that exculpatory material is not required to be included in an ex parte application for a search warrant if no misconduct on the affiant's part has occurred. (Cit.)' [Cit.] 'Undoubtedly, not all omissions, even if intentional, are sufficient to invalidate an affidavit. (Cits.) . . . The defendant must show that the information omitted was material to the determination of probable cause and that it was omitted for the purpose of misleading the magistrate.' [Cits.] . . . 'There must be allegations of deliberate falsehood or reckless disregard for the truth, and these allegations must be accompanied by evidence or an offer of proof of such evidence. . . . Mere allegations of negligence or mistake of fact are not sufficient. (Cit.)' [Cit.] In the instant case, there was neither an allegation nor proof of deliberate misrepresentation or reckless disregard for the truth on the part of the affiant. The most that appellant may have shown was the affiant's omission of facts which were neither inculpatory nor exculpatory and which were, therefore, irrelevant to the existence or nonexistence of probable cause." *Ferrell v. State*, 198 Ga. App. 270 (1) (401 SE2d 301) (1991). Hence, the warrant was not defective, and any objection by Chris Bowe on this ground would have been unsuccessful in preventing the admission of evidence seized in Room 203.

Chris Bowe also contends that the warrant for Room 219 was defective because the statements regarding the confidential informant contained in the officer's supporting affidavit did not sufficiently demonstrate the informant's reliability. The portion of the affidavit which appellant contends is insufficient reads as follows: "Said informant has provided truthful and accurate information within the past three months which has led to the seizure of controlled substances, and the arrests of persons involved in distributions of said controlled substances. Said informant did state to Detective Tripp, that within the past 48 hours, he/she had an occasion to be inside a motel room . . . [and] did observe a quantity of cocaine being stored for distribution. . . ." In *Galgano v. State*, 147 Ga. App. 284, 286 (248 SE2d 548) (1978), we discussed three types of information which should be furnished to a magistrate to enable the magistrate to deter-

mine whether an informant is reliable and trustworthy, i.e., the type of information previously supplied by the informant, the use to which the information was put and the elapsed time since the information was furnished. It is not necessary in every case for all three of the factors to be shown as long as the magistrate has sufficient information to make an independent analysis. *Kouder v. State*, 154 Ga. App. 597 (1) (269 SE2d 92) (1980). Taking a "common-sense" approach to the evaluation of the affidavit (*Whitehead v. State*, 184 Ga. App. 307 (361 SE2d 188) (1987)), we find that the affidavit was sufficient to demonstrate the informant's reliability and that an objection on this ground would have been overruled. Accordingly, Chris Bowe has not demonstrated a reasonable probability that the outcome of the trial would have been different but for counsel's failure to object to the evidence at trial. *Sweetenburg v. State*, 197 Ga. App. 36 (2) (397 SE2d 451) (1990).

4. Chris Bowe also contends the trial court erred in denying his amended motion for new trial based on counsel's failure to object to the prosecutor's references to parole regarding Preston Bowe. However, it does not appear upon the record that this issue was asserted in the trial court; therefore, it cannot be raised for the first time on appeal. *Nicely v. State*, 197 Ga. App. 206 (3) (397 SE2d 630) (1990).

5. Appellant McDuffie asserts the general grounds and argues that the trial court erred in failing to grant his motions for directed verdict and new trial, as the evidence demonstrated only his "mere presence" at the scene of the crime. " 'Mere presence at the scene of a crime is insufficient to convict one of being a party to the crime, but presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.' [Cit.]" *Lunz v. State*, 174 Ga. App. 893, 895 (1) (332 SE2d 37) (1985). Further, "[t]he direction of a verdict of acquittal is proper only where 'there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall *demand* a verdict of acquittal. . . .' [Cits.] If there is any evidence of guilt, it is for the jury, rather than the court, to decide whether the evidence is sufficient to sustain a conviction. [Cit.]" *Ross v. State*, 194 Ga. App. 285 (2) (390 SE2d 429) (1990). The evidence adduced at trial showed that all of the defendants were from the Miami area. McDuffie testified that he had known Chris Bowe since middle school; that the two had driven to Atlanta four days before the arrest and were merely on vacation; and that they spent four days sightseeing and shopping in Atlanta, with co-defendant, Remano Deal, as tour guide. Upon his arrest, appellant denied knowledge of the cocaine, guns, $3,900 in small bills, car keys and the white car which he and Chris Bowe drove to Atlanta. However, at trial McDuffie testified that he shared Room 203 with Chris for four nights

and that a portion of the money seized from Room 203 belonged to him. McDuffie also admitted concealing his knowledge of the keys and the car from the police, and his testimony contained inconsistencies regarding his recent employment history and past involvement in criminal activity. Although McDuffie offered an explanation for his presence in the motel room when arrested, in our view, the jury was authorized to disbelieve that testimony and to infer from his presence and companionship with Preston and Chris Bowe and the other co-defendants that he was guilty beyond a reasonable doubt of trafficking in cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Robinson v. State*, 175 Ga. App. 769 (3) (334 SE2d 358) (1985). The trial court did not err in denying McDuffie's motion for directed verdict.

*Judgments affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1991.

*Melnick, Moore & Elliott, Larry M. Melnick*, for appellant (case no. A91A0837).

*Lloyd E. Hall*, for appellant (case no. A91A0913).

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.