A94A0199. PITTS v. THE STATE.
(442 SE2d 797)

BLACKBURN, Judge.

Jethro Pitts was convicted by a jury of one count of possession of gambling devices, two counts of possession of marijuana, two counts of possession of cocaine and one count of trafficking cocaine. Pitts appeals the trial court's denial of his motion to suppress evidence and his motion for mistrial.

1. Pitts contends that the information contained in the affidavit, upon which the search warrant was based, was "too bare bones" and based on double hearsay and, therefore, was insufficient to establish probable cause. The affidavit was prepared by a Fayette County deputy sheriff and contained the following facts: "Affiant states that he was advised by Capt. Mears of Tri-Cities Narcotic Unit that within the past ten days a quantity of marijuana was purchased from the residence at 140 Windward Way by a confidential and reliable informant who has given information in the past that has resulted in arrests and seizures of controlled substances. The informant also stated that a number of [slot machines] were seen inside the residence. Affiant states that the City of Fayetteville Water Department was contacted and they stated that the house was registered to a Pamela Mosely since February 1991. The records of the Superior Court of Fayette were checked and a Warranty Deed in the name of Pamela Mosely of 140 Windward Way was found that was filed on February 18, 1991."

Pitts concedes that the affiant is allowed to use information supplied by another officer; however, Pitts maintains that this rule applies only to officers engaged in the same investigation. In Deal v. State, 199 Ga. App. 184 (1) (404 SE2d 343) (1991), we determined that the search warrant was properly supported by an affidavit in which Clayton County narcotics agents presented information provided by a detective with the Atlanta Bureau of Police Services who had obtained the information from a confidential reliable informant. The Atlanta detective was investigating a fire bombing and a drug related homicide. Id. at 185. In the present case, it is even clearer that the affiant and the Tri-City Captain were investigating the occupants

and owners of 140 Windward Way, as all information was specifically related to that location. Pitts' argument is without merit.

"In making a determination as to probable cause pursuant to the totality of the circumstances test enunciated in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found at a particular place. [Cits.]" (Punctuation omitted.) *Hand v. State*, 206 Ga. App. 501, 502 (426 SE2d 18) (1992). Pitts argues that the affidavit fails to provide "veracity" or a "basis of knowledge" of the person supplying the hearsay so that the magistrate had a "substantial basis" for concluding that probable cause existed.

"In *Galgano v. State*, 147 Ga App. 284, 286 (248 SE2d 548) (1978), we discussed three types of information which should be furnished to a magistrate to enable the magistrate to determine whether an informant is reliable and trustworthy, i.e., the type of information previously supplied by the informant, the use to which the information was put and the elapsed time since the information was furnished." *Bowe v. State*, 201 Ga. App. 127, 130-131 (410 SE2d 765) (1991). We have also determined that "[i]t is not necessary in every case for all three of the factors to be shown as long as the magistrate has sufficient information to make an independent analysis. [Cit.]" Id. at 131. In the present case, the affidavit supplied each type of information to the magistrate and we find that it was sufficient to demonstrate the informant's reliability.

2. In his second enumeration of error, Pitts asserts that the State failed to provide a racially neutral explanation for the exercise of its challenged peremptory strike. See *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). The State explained that as the prosecutor indicated that the defendant was the black man seated at the defendant's table, the challenged juror "shook his head, snorted, made some remarks or indications that remark had — had angered him or upset him." The State's explanation of its peremptory strike "need not rise to the level justifying exercise of a challenge for cause, but it must be neutral, related to the case to be tried, and a clear and reasonably specific, explanation of his legitimate reasons for exercising the challenges." (Citation and punctuation omitted.) *Gamble v. State*, 257 Ga. 325, 327 (357 SE2d 792) (1987). Furthermore, "a prosecutor may strike from mistake, or from ignorance, or from idiosyncracy." Id. at 326. In the present case, the trial court was correct in accepting the State's explanation of its peremptory strike as racially neutral.

558

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

Decided March 8, 1994 —
Reconsideration denied March 25, 1994 — 

*Saia, Richardson & Meinken, Joseph J. Saia, Lloyd W. Walker,* for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Randall K. Coggin, Assistant District Attorney,* for appellee.