S95A0330. GRIFFIN v. THE STATE.
(458 SE2d 813)

BENHAM, Presiding Justice.

The crimes involved in this case occurred on February 23, 1992, in Savannah, Georgia. Using a pistol bought from a friend (who had stolen the gun from his mother), Griffin confronted a pizza deliveryman and demanded his money. Displeased with the $12 he got from that robbery, Griffin, accompanied by his co-indictee Gadson, found other victims, Charles and Carolyn Hamm. As the Hamms used a public telephone, Griffin approached them and demanded money. Charles Hamm did not respond quickly enough and Griffin shot him, wounding him fatally. Carolyn Hamm attempted to run away, but Griffin shot her in the back. Griffin and Gadson then ran from the scene. Griffin put the pistol into a cap he was wearing and threw them into some bushes from which the police recovered them. Although under age 17 at the time of the offenses, Griffin was indicted by a grand jury and was tried in superior court as an adult. This appeal is from his convictions for the murder of Charles Hamm, for aggravated assaults on Charles and Carolyn Hamm, for armed robbery of the pizza deliveryman, and for possession of a firearm during commission of the armed robbery.[1] For the reasons that follow, we vacate the con-

---

[1] The crimes occurred on February 23, 1992. Griffin was indicted, along with Gadson, for one count of murder, two counts of aggravated assault (deadly weapon), two counts of aggra-

viction for aggravated assault on Charles Hamm and affirm the others.

1. We address first the issue regarding which Griffin is entitled to relief. The two aggravated assaults for which Griffin was convicted were those against the Hamms. As to both of those counts, the indictment alleged that they were committed by shooting the victims with a pistol. The evidence that Griffin shot Charles Hamm with a pistol was the same evidence used to convict Griffin of Charles Hamm's murder, so the aggravated assault is an included offense in the offense of murder. *Malcolm v. State*, 263 Ga. 369, 374 (434 SE2d 479) (1993). That being so, Griffin should not have been sentenced for the aggravated assault against Charles Hamm and the trial court is directed to vacate the sentence on that count. See *Bland v. State*, 264 Ga. 610 (4) (449 SE2d 116) (1994). As to the rest of his convictions, our review of the record establishes that the evidence was sufficient to authorize a rational trier of fact to find Griffin guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In two enumerations of error, Griffin asserts that the prosecution of the crimes involved here began in juvenile court and that the superior court, therefore, never had jurisdiction over these offenses. The record shows, however, that the juvenile court proceedings to which Griffin refers were those initiated by the complaint of the mother of the juvenile who sold the gun to Griffin. The juvenile court considered only the matter of Griffin's purchase of the handgun, which constituted theft by receiving, not the offenses involved in this appeal. The only connection between the theft charge and these charges is that the more serious crimes were committed with the pistol involved in the juvenile court matter. There is nothing in the record showing that the juvenile court took jurisdiction of the offenses involved here. Here, as in *Worthy v. State*, 253 Ga. 661 (1) (324 SE2d 431) (1985), no petition was filed in juvenile court with regard to any of the offenses involved in this prosecution, and the jurisdiction of the juvenile court had not attached to these offenses.

---

vated assault (intent to rob), possession of a firearm during commission of a crime (murder and aggravated assault), armed robbery, and possession of a firearm during commission of a crime (armed robbery). After a trial conducted on October 12-15, 1993, he was convicted of murder, two counts of aggravated assault (deadly weapon), armed robbery, and possession of a firearm during commission of a crime (armed robbery). He was acquitted of the other charges. The trial court sentenced Griffin to life imprisonment for the murder, consecutive terms of twenty years each for the two aggravated assaults and the armed robbery, and five years, also consecutive, for the possession of a firearm during commission of a crime. His motion for new trial, filed November 17, 1993, by trial counsel and amended on June 13, 1994, by appellate counsel, was denied on September 29, 1994. In accordance with a notice of appeal filed October 6, 1994, the trial record was transmitted to this court and the appeal was docketed here on November 17, 1994. The appeal was submitted after oral argument on February 14, 1995.

3. The testimony of a police officer regarding the basis for an opinion about the credibility of a witness was admitted only after defense counsel opened the line of questioning regarding that opinion and then stopped the questioning in such a way as to raise an inference which redirect examination showed to be incorrect. Under those circumstances, the trial court's decision to admit the testimony falls within the narrow range of matters about which an appellant may not complain because his own procedure or conduct procured or aided in causing it. See *McDaniel v. State*, 248 Ga. 494 (2) (283 SE2d 862) (1981).

4. The principle stated in *McDaniel v. State*, supra, that one may not complain on appeal of that which was caused by one's own conduct, applies with equal force to Griffin's complaint that the details of Gadson's plea agreement and sentences were revealed to the jury in order to bolster Gadson's credibility. Defense counsel at trial did not object to the evidence because he intended to present it himself to support an argument that the State was lenient with Gadson to encourage him to inculpate Griffin falsely. Having thus cooperated in the admission of the evidence at trial, Griffin cannot complain of it here. Id.

5. Griffin's complaint in his motion for new trial that his trial counsel would not permit him to testify was rejected by the trial court based on the contrary testimony of trial counsel. That testimony authorized the trial court to find that it was Griffin's own decision, after consultation with counsel, not to testify. There being evidence to support the trial court's finding, and the finding not being clearly erroneous, this court will not disturb it. *Hall v. State*, 194 Ga. App. 200 (390 SE2d 104) (1990).

6. It is axiomatic that an appellant, in order to secure a reversal, must demonstrate not only error but harm. *Mozier v. State*, 207 Ga. App. 264 (2) (427 SE2d 551) (1993). For that reason, Griffin's complaint on appeal that he was questioned outside the presence of his parents or an attorney provides no reason for reversal: assuming without deciding that there was improper questioning, no out-of-court statement of Griffin's was offered in evidence and he has not suggested how he might otherwise have been harmed by the alleged improper custodial questioning.

7. Any error in admitting Charles Hamm's death certificate into evidence was either waived by defense counsel's agreement that it could be introduced so long as it did not go out with the jury, which it did not, or was harmless because it was merely cumulative of testimony concerning the cause of death. *Foster v. State*, 259 Ga. 206 (3) (378 SE2d 681) (1989).

8. Contrary to Griffin's argument on appeal, the trial court's charge that Griffin's plea of not guilty was not evidence of innocence

was a correct statement of the law and was not burden-shifting. *Ramsey v. State*, 145 Ga. App. 60 (6) (243 SE2d 555) (1978).

9. Since appellate counsel came into this case during the pendency of the motion for new trial, and filed an amended motion for new trial which did not raise the issue of the alleged ineffectiveness of trial counsel, that issue was waived and cannot be considered on this appeal. *Thompson v. State*, 257 Ga. 386 (2) (359 SE2d 664) (1987).

10. "The burden is on him who asserts error to show it affirmatively by the record." *Roach v. State*, 221 Ga. 783 (4) (147 SE2d 299) (1966). Since Griffin's allegations on appeal concerning argument by the State on the issue of sentencing, interruption of defense argument, improper restriction of defense argument, failure to recharge on mere presence at the scene of the crime, excusal of jurors for misdemeanor convictions, and failure to give jury charges on credibility are not supported by the record, they present no ground for reversal. Id.

*Judgment affirmed with direction. All the Justices concur.*

DECIDED JUNE 30, 1995.

*William O. Cox,* for appellant.

*Spencer Lawton, Jr., District Attorney, Lori E. Tepper, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.