### A99A1325. MITCHELL v. THE STATE.
(521 SE2d 873)

ANDREWS, Presiding Judge.

Randy ONeal Mitchell appeals from the judgment entered after a jury found him guilty of trafficking in cocaine. Mitchell argues the trial court erred in denying his motion to suppress the evidence seized at his house because the search warrant was issued without probable cause.[1] We disagree and affirm.

1. When reviewing a trial court's order on a motion to suppress, the appellate court should be guided by three principles with regard to the trial court's determination on the facts. *Tate v. State*, 264 Ga. 53, 54 (440 SE2d 646) (1994). First, the trial judge sits as the trier of facts, and his findings are analogous to a jury verdict and should not be disturbed if there is any evidence to support the findings. Second, the trial court's decisions on the credibility of witnesses and questions of fact must be accepted unless clearly erroneous. Third, the appellate court must construe the evidence most favorably to the upholding of the trial court's findings and judgments. Id.

In this case, the officer who swore out the affidavit testified at the hearing that a reliable confidential informant told officers he had been at Mitchell's house several times when crack cocaine was sold and as recently as five days before had seen a drug buy of $100 worth of crack cocaine. Based on this information, the officer got a search

---

[1] Mitchell also claims the warrant was "stale" but did not argue this to the trial court and does not argue it now on appeal. Therefore, this claim is deemed abandoned.

warrant for Mitchell's house and found various quantities of crack cocaine hidden throughout the house and $7,000 in cash.

Mitchell moved to suppress this evidence, claiming there was no probable cause to issue the search warrant. The trial court denied the motion, and Mitchell now appeals.

> Under the standard set forth by the United States Supreme Court in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), probable cause may be predicated on an informant's tip only if, under the totality of the circumstances, including the veracity and basis of knowledge of the informant, there is a fair probability that contraband or evidence of a crime will be found in a particular place. While establishment of the informant's veracity and basis of knowledge is no longer an absolute requirement since *Gates*, veracity and basis of knowledge are still major considerations in the probable cause analysis, and this court continues to hold that an affidavit submitted in support of a search warrant must set forth sufficient facts from which the magistrate or judge can independently determine the reliability of both the information and the informant.

(Citation and punctuation omitted.) *Smith v. State*, 218 Ga. App. 12, 14 (460 SE2d 114) (1995).

In determining the reliability of the information and the informant, when the information supplied by the informant is not corroborated, the magistrate must look to see whether the informant himself was reliable. *Galgano v. State*, 147 Ga. App. 284, 286 (248 SE2d 548) (1978); *Smith*, supra at 14.

The type of information which should be furnished to the magistrate to enable the magistrate to determine the informant's reliability is: (1) the type of information previously supplied by the informant, (2) the use to which the information was put, and (3) the elapsed time since the information was furnished. *Bowe v. State*, 201 Ga. App. 127, 130-131 (410 SE2d 765) (1991). But, "[i]t is not necessary in every case for all three of the factors to be shown as long as the magistrate has sufficient information to make an independent analysis." Id.

In this case, the affidavit stated that the confidential informant had (1) furnished information concerning drug traffickers which had been confirmed, (2) furnished information leading to the seizure of contraband on at least one occasion, and (3) stated he purchased crack cocaine from Mitchell within the last five days.

Therefore, applying the guidelines set out in *Bowe*, the affidavit contained the type of information previously supplied by the infor-

mant, the use to which that information was put, and the elapsed time since the information was furnished.

Mitchell argues the officer omitted information on the informant's relationship with another officer, including any agreements made with that officer, and also the informant's criminal history and drug problem. But, beyond this conclusory allegation in the brief, Mitchell does not point out, nor do we find, anything in the record to support this allegation. Rather, the affiant testified at the hearing that he did not know whether the informant was being investigated for any crime and knew nothing about any arrangement with another officer arising out of the informant's criminal past.

Therefore, *Robertson v. State*, 236 Ga. App. 68 (510 SE2d 914) (1999), relied on by Mitchell, is not on point. In *Robertson*, the police officer who submitted the affidavit had arrested the informant for DUI, and while this charge was pending, the informant called the officer and offered to give him information about Robertson if the officer would "help" him with the DUI charge. Moreover, the informant was angry with Robertson for making sexual advances to the informant's girlfriend. Id. at 69. When the officer swore out the affidavit, he did not give any of this information to the magistrate. Therefore, this Court concluded that the magistrate was deprived of the opportunity to independently determine the reliability of the informant. Id. at 70.

Here, there is no evidence the officer withheld any relevant information from the magistrate. Instead, this case is similar to *Clark v. State*, 235 Ga. App. 569 (510 SE2d 319) (1998) and *Pitts v. State*, 212 Ga. App. 556 (442 SE2d 797) (1994). In *Clark*, the investigator had known the informant for three years, the informant had provided reliable information to the affiant, had been in the saloon within the past seventy-two hours and had seen the owners and a bartender with methamphetamines and cocaine. *Clark*, supra at 571.

Likewise in *Pitts*, the affiant, using information supplied by another officer, stated that the informant had given information in the past which resulted in arrests and seizures of controlled substances and had purchased a quantity of marijuana at the residence in question within the last ten days. This Court found the affidavit sufficient to demonstrate the informant's reliability. *Pitts*, supra at 557.

Comparing the affidavit in this case to the affidavits found sufficient in *Clark* and *Pitts*, we conclude the information in the affidavit was sufficient to show that the confidential informant was reliable. Therefore, the magistrate was authorized to find that the affidavit contained reliable information providing probable cause to suspect that drugs would be found in Mitchell's house. *Clark*, supra at 571.

2. In light of our holding in Division 1, we need not address

Mitchell's remaining enumeration of error.
*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 30, 1999.

*Billy I. Daughtry, Jr.*, for appellant.
*Robert W. Lavender, District Attorney, Kathleen R. Johnson, Assistant District Attorney*, for appellee.