**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**May 5, 2015**

# In the Court of Appeals of Georgia

A15A0096. THE STATE v. WELLS.

BRANCH, Judge.

The State appeals a trial court decision granting Alan Wells's motion to suppress evidence obtained as result of a search pursuant to a warrant.[1] For the reasons that follow, we reverse.

Viewed in the light most favorable to upholding the trial court's findings and judgment, see *Brown v. State*, 293 Ga. 787, 803 (3) (b) (2) (750 SE2d 148) (2013), the evidence presented at the suppression hearing shows that on August 30, 2011, the DeKalb County Police Department received a anonymous complaint from a community member about alleged narcotics sales at 663 Parker Avenue, with

---

[1] The trial court also granted Wells's motion to suppress a statement he made to the police, but the State is not appealing that aspect of the trial court's ruling.

purchasers arriving both on foot and in vehicles. Four uniformed officers, including Sergeant Pitts, went to the location to conduct a "knock and talk" to investigate the allegations in the report. The officers first identified two known drug users standing in the driveway. Pitts then knocked on the front door and spoke with Wells, who identified himself as the leaseholder. Pitts explained to Wells the nature of the complaint, and Wells responded that he had been arrested for trafficking in cocaine in the past and that he was on probation. Pitts asked for consent to search; Wells refused and responded that he only had a "little bag of weed" in the house for personal use and was not selling drugs on the premises. Pitts then asked Wells if he could enter the home to retrieve the marijuana. Wells became visibly nervous but responded "come on" and started walking in the house; Pitts followed Wells into the master bedroom. There, Wells searched a drawer but stated that he could not find the marijuana, and he again refused a request by Pitts to search the house. Pitts and Wells then went back outside. At that point, Pitts and the other officers decided to detain the individuals at the house and to attempt to obtain a warrant to search the house.

Pitts picked up Officer D. W. Price, who at that point had not been involved in the investigation, and the two traveled to magistrate court to apply for the warrant. On the way, Pitts informed Price of the information learned in the investigation. At the

court, Price prepared and signed the affidavit in support of the request for the warrant with the information he learned from Pitts and conveyed that information to the magistrate judge; Pitts testified that he was present in the courtroom at the time, but Price testified that Pitts was not present. After obtaining the magistrate's signature on the warrant, Pitts and Price returned to the scene.

After returning with the warrant, Pitts, Price and the other officers executed the warrant and searched the house, which led to the discovery of a large amount of powder and crack cocaine, most of which was located in the master bedroom. When the contraband was discovered, Wells stated that everything was his; when Wells was then read his *Miranda* rights, he again stated that everything discovered in the search belonged to him and he wrote a statement to that effect. Consequently Wells was arrested and later charged with trafficking in cocaine and possession of marijuana.

Following the hearing on Wells's motions to suppress, the trial court granted the motion to suppress Wells's statement and the motion to suppress the evidence obtained in the search. With regard to the search, the court found that the search warrant was based on hearsay provided to Price by Pitts and that Pitts was not present for the issuance of the warrant. The court then held as a matter of law that the all of the information provided by Pitts was inadmissable hearsay and should be deleted

3

from the affidavit and application for the warrant. Based on this reasoning, the trial court concluded that the affidavit lacked probable cause to allow the magistrate to issue a warrant. Accordingly, on April 2, 2014, the court granted the motion to suppress the evidence seized in the search.

On appeal, the State contends the trial court erred by concluding that the information relayed by Price to Pitts was inadmissible for the purposes of establishing probable cause. We agree.

> 1. When considering whether to issue a search warrant, a magistrate must make
>
> a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984), quoting *Illinois v. Gates*, 462 U. S. 213, 238 (III) (103 SCt 2317, 76 LE2d 527) (1983). Thus, as shown, "an affidavit supporting a search warrant may be based on hearsay information as long as there is a substantial basis for crediting the hearsay." *Deal v. State*, 199 Ga. App. 184, 185 (1) (404 SE2d 343) (1991) (citation and punctuation omitted); *Lewis v. State*, 255 Ga. 101, 105 (2) (335 SE2d 560) (1985) (same). And we have repeatedly

4

held that one officer may present an affidavit in support of a search warrant based on statements obtained from another officer; that such hearsay is reliable under the circumstances; and that the officer communicating the information to the affiant need not personally appear before the magistrate. *Johnson v. State*, 265 Ga. App. 777, 781 (2) (595 SE2d 625) (2004) (no merit to argument that magistrate could not rely on information relayed from one officer to the officer who presented the affidavit; "An officer may rely on information communicated by fellow officers for probable cause.") (footnote omitted); *Lewis v. State*, 234 Ga. App. 873, 876 (1) (b) (508 SE2d 218) (1998) ("Observations by fellow officers of government engaged in a common investigation are a reliable basis for a warrant applied for by one of their number.") (citations and punctuation omitted); *Pollard v. State*, 236 Ga. 587, 589 (2) (224 SE2d 420) (1976) ("[L]ocal law enforcement officials participating in common investigation are reliable informants and their information may be relied on to establish probable cause for the issuance of search warrants."). Because the information relayed from one officer to the officer presenting the affidavit is deemed reliable, the trial court erred by excluding the information in the search warrant affidavit on the sole basis that the averments were hearsay communicated from Pitts to Price.

5

2. The affidavit submitted by Price related, among other things, that four named officers including Pitts responded to the relevant address based on a narcotics sales complaint; that they observed two known drug users in the driveway; that Wells, the leaseholder, stated that he was on probation for trafficking in cocaine and that he had a bag of marijuana in his bedroom; that Wells became visibly nervous as he walked Pitts to the bedroom to retrieve the marijuana; and that Wells acted as if he could not find the bag of marijuana. This information, which specifically included an admission by Wells that there was marijuana in the house, provided a sufficient basis for the magistrate to conclude that there was a fair probability that contraband or evidence of a crime would be found in Wells's residence. See generally *Stephens*, 252 Ga. at 182.

*Judgment reversed. Andrews, P. J., and Miller, J., concur.*